108 P.3d 349

**ADA COUNTY BOARD OF EQUALIZATION, Petitioner–Respondent,**

v.

**HIGHLANDS, INC., Smith Family, L.L.C., Defendants–Appellants.**

No. 30196.

Supreme Court of Idaho,
Boise, November 2004 Term.

Feb. 22, 2005.

Davison Copple, Boise, for defendants-appellants. Jay M. Gustavsen argued.

Greg Bower, Ada County Prosecuting Attorneys Office, Boise, for petitioner-respondent. Teresa A. Baker argued.

SCHROEDER, Chief Justice.

Highlands, Inc. (Highlands) and the Smith Family, L.L.C. (Smith Family) maintain they are entitled to an agricultural tax exemption for the property they own. Ada County denied the exemption. The Idaho Board of Tax Appeals allowed the exemption. The district court reversed the Board of Tax Appeals. Highlands and Smith Family appeal. The district court decision is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Highlands owns 21 parcels of undeveloped property in the Boise Foothills area. Smith Family owns 10 parcels of similar property in the same area. Both the Highlands and the Smith Family entered into a grazing lease with Charlie Gibson (Gibson), a rancher. Gibson owns a ranch just north of both the Highlands' and Smith Family's property. He has leased the land from Highlands/Smith Family since 1978. The physical characteristics and uses to which the land has been put have remained unchanged for over 50 years.

In 1979 the Idaho Legislature enacted a tax exemption for agricultural property "used" for grazing. The statute stated that property qualified for an agricultural tax exemption if "it is *used* by the owner or bona fide lessee for grazing." I.C. § 63–612(a)(ii) (1979) (emphasis added). The statute was amended in 1988, removing the word "used" in the clause providing the exemption where the land is leased to a bona fide lessee. The language of the statute provided that property qualified for an agricultural tax exemption if "it is *used by the owner* for the grazing of livestock to be sold as part of a net profit making enterprise, or is *leased by the owner* to a bona fide lessee for grazing purposes." I.C. § 63–112(1)(a)(ii) (1988) (emphasis added). In 1996 the agricultural tax exemption

was moved to I.C. § 63–604(1)(a)(ii). In 2001 the language of the statute providing the tax exemption for leased grazing land was moved to I.C. § 63–604(1)(a)(iii) (2001). Thus, though the language at issue in this appeal has moved over the years, its substance has not changed since 1988.

Prior to 2001 the Highlands/Smith Family property had received the agricultural exemption. Beginning in late 2000 a deputy Ada County Assessor inspected the Highlands and Smith Family properties as part of the five-year cycle for the reappraisal of land. The deputy took aerial photographs of the Highlands/Smith Family land and examined much of the land on foot. It is undisputed that the deputy found no cattle, no cattle fencing, no cattle guards, no gates, and no water supply for livestock. In short, the deputy found no evidence of livestock grazing or conditions suitable for livestock grazing on the property. There was no evidence that Gibson was making regular rent payments or otherwise complying with the terms of his lease.

Ada County determined that the fact that the paper lease between Highlands/Smith Family and Gibson, a bona fide rancher, was "for grazing purposes," alone, was not enough to qualify the land for the agricultural exemption. Ada County reappraised the property without the agricultural exemption, applying the market value standard. With the agricultural exemption Highlands' property had been valued at $140,800 and the Smith Family's property had been valued around $14,900. Without the exemption Highlands' land was valued at $2,220,700 and the Smith Family's land was valued at $1,227,200.

Highlands and Smith Family separately appealed Ada County's decision to the Idaho Board of Tax Appeals (Board). Highlands' and Smith Family's main arguments were similar in that both claimed that where the land is leased to a bona fide lessee like Gibson, that fact alone is sufficient to entitle them to the agricultural exemption. Each argued that there was no "use" requirement with respect to land leased to a bona fide lessee for grazing purposes. The Board affirmed the denial of the exemption with re-

spect to four parcels of the Highlands' property. However, the Board agreed with Highlands' and Smith Family's contention that actual "use" for grazing was not required under I.C. § 63–604(1)(a)(iii). The Board reversed Ada County's denial of the exemption for the remaining seventeen parcels of the Highlands' property and all ten parcels of Smith Family's property. One member of the Board dissented and wrote an opinion in both cases agreeing with Ada County's argument that some "use" was required in order for the land to be considered "actively devoted to agriculture."

The Ada County Board of Equalization (Ada County) filed a Petition for Judicial Review of the Board's decision with the District Court. The District Court consolidated the Highlands' and the Smith Family's appeals into one case since both appeals involved the interpretation of I.C. § 63–604(1)(a)(iii).

Ada County moved for summary judgment. On March 3, 2003, the district court granted Ada County's motion for summary judgment, finding that neither the Highlands' nor the Smith Family's property qualified for the agricultural exemption under I.C. § 63–604(1)(a)(iii). The court found that "the letter and spirit of the statute contained in part (1)(a), the intent of the whole statute, statute and legislative history, and Idaho court cases" all indicated that the lessee was required to actively "use" the property for grazing purposes in order to qualify for the exemption. The district court reversed the decision of the Tax Board with respect to the Highlands' seventeen parcels and the Smith Family's ten parcels and left the valuation of the parcels to be determined at trial. The parties negotiated the resolution of the valuation issue in order to receive a final judgment on all matters so that Highlands/Smith Family could appeal the district court's ruling and resolve the issue of the interpretation of I.C. § 63–604(1)(a)(iii).

## II.

## THE PROPERTY DOES NOT QUALIFY FOR THE AGRICULTURAL EXEMPTION

### A. Standard of Review

■ I.C. § 63–3812(c) provides that:

Appeals [from the board of tax appeals] may be based upon any issue presented by the appellant to the board of tax appeals and shall be heard and determined by the Court without a jury in a trial de novo on the issues in the same manner as though it were an original proceeding in that court.

Therefore, because a trial de novo was conducted in district court pursuant to I.C. § 63–3812(c) and I.R.C.P. 84(e)(1), this Court will not review the record independently of the district court's appellate decision.

This Court's opinion in *Roeder Holdings, L.L.C. v. Bd. of Equalization of Ada County,* 136 Idaho 809, 41 P.3d 237 (2001), articulated an incorrect standard of review for an appeal from a Board of Tax Appeals' decision. This Court stated that it would review the agency decision independently of the district court's appellate decision. *Id.* at 811, 41 P.3d at 239. As indicated in I.R.C.P. 84(e)(1) and I.C. § 63–3812(c), this standard of review is improper where the district court conducted a trial de novo on the appeal from the agency's decision. The statement in *Roeder Holdings* did not impact the Court's decision. *Id.* at 814, 41 P.3d at 242. *Roeder Holdings* was decided in a summary judgment proceeding. In construing the statute and regulation at issue in that case, this Court properly exercised free review. *Id.* Therefore, the standard of review articulated in *Roeder Holdings,* referring to judicial review is incorrect, but the standard of review the Court recited for summary judgment was proper, as was the final decision the Court made in that case.

■ The proper standard of review in this case is the standard generally employed for reviewing an appeal from an order of summary judgment. When this Court reviews a district court's decision on summary judgment, this Court employs the same standard used by the district court in reviewing the motion. *Estate of Becker v. Callahan,* 140 Idaho 522, 525, 96 P.3d 623, 626 (2004). The facts will be construed in favor of the non-moving party. *Id.* "Summary judgment is appropriate if there are no genuine issues

of material fact and the case can be decided as a matter of law. The construction and application of a legislative act are pure questions of law as to which the Supreme Court exercises free review." *Roeder Holdings,* 136 Idaho at 811–12, 41 P.3d at 239–40.

### B. The Highlands/Smith Family property does not qualify for the agricultural exemption in I.C. § 63–604(1)(a)(iii) because the land is not being used for grazing purposes.

■ The facts in this case are undisputed. There are no cattle, cattle fences, cattle guards or water troughs on the property. There is no evidence that there has been grazing on the property at any time relevant to this appeal and no evidence that there would be grazing in the future. Highlands/Smith Family contends that the statute requires only a lease with a "bona fide lessee for grazing purposes." Gibson is a rancher. Consequently, the exemption applies, according to Highlands/Smith Family. Ada County maintains there must be actual use of the property for grazing. The question presented to this Court is a question of law as to whether or not I.C. § 63–604(1)(a)(iii) requires that the Highlands/Smith Family property actually be used for grazing to qualify for the exemption.

Idaho Code § 63–602K sets forth the tax exemption for agricultural land, stating in subsection (1) that, "[t]he speculative portion of the value of land devoted to agriculture is exempt from taxation." Subsection (2) states that, " 'Land devoted to agriculture' shall mean that property defined by section 63–604, Idaho Code." The relevant portion of I.C. § 63–604 provides as follows:

(1) For property tax purposes, land which is actively devoted to agriculture as part of an agricultural enterprise shall be eligible for appraisal, assessment and taxation as agricultural property each year it meets one (1) or more of the following qualifications:

(a) The total area of such land, including the homesite, is more than five (5) contiguous acres, and is actively devoted to agriculture which means:

(i) It is used to produce field crops including, but not limited to, grains, feed crops, fruits and vegetables; or

(ii) It is used to produce nursery stock as defined in section 22–2302(11), Idaho Code; or

(iii) It is used by the owner for the grazing of livestock to be sold as part of a net profit-making enterprise, *or is leased by the owner to a bona fide lessee for grazing purposes;* or

(iv) It is in a cropland retirement or rotation program. (emphasis added).

■ This Court has set forth a number of rules in determining whether or not a taxpayer is entitled to an exemption. First, as this Court noted in *Appeal of Sunny Ridge Manor, Inc.,* 106 Idaho 98, 102, 675 P.2d 813, 817 (1984), "[t]ax exemptions are disfavored generally, perhaps because they seem to conflict with principles of fairness—equality and uniformity—in bearing the burdens of government." Statutes granting tax exemptions are strictly construed against the taxpayer and in favor of the State. *Hous. Southwest, Inc. v. Washington County,* 128 Idaho 335, 337–38, 913 P.2d 68, 70–71 (1996); *Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter–Day Saints v. Ada County,* 123 Idaho 410, 415–16, 849 P.2d 83, 88–89 (1993); *Idaho State Tax Comm'n v. Haener Bros., Inc.,* 121 Idaho 741, 744, 828 P.2d 304, 307 (1992). Tax exemptions are narrowly construed, following the "strict but reasonable" rule of statutory construction. *Corp. of the Presiding Bishop,* 123 Idaho at 416, 849 P.2d at 89; *Lewiston Orchards Irrigation Dist. v. Gilmore,* 53 Idaho 377, 383, 23 P.2d 720, 722 (1933). A taxpayer must show a clear entitlement to an exemption, as an exemption will never be presumed. *Housing Southwest,* 128 Idaho at 338, 913 P.2d at 71; *Lewiston,* 53 Idaho at 383, 23 P.2d at 722; *Bistline v. Bassett,* 47 Idaho 66, 71, 272 P. 696, 697 (1928).

■ Highlands/Smith Family must show a clear entitlement to the exemption under the language of I.C. § 63–604(1)(a)(iii). An examination of the legislative intent behind the statute, I.C. § 63–604(1)(a) specifically and I.C. § 63–604 as a whole, and the limited case law discussing the agricultural exemp-

tion indicate that use is a requirement and, therefore, the Highland/Smith Family properties are not entitled to the exemption.

In *George W. Watkins Family v. Messenger*, 118 Idaho 537, 797 P.2d 1385 (1990), this Court stated that the "plain meaning of a statute will prevail unless clearly expressed legislative intent is contrary or unless plain meaning leads to absurd results." *Id.* at 540, 797 P.2d at 1389. In examining the "production" tax exemption in I.C. § 63–3622(d) in *Idaho State Tax Comm'n v. Haener Bros., Inc.*, 121 Idaho 741, 743, 828 P.2d 304, 306 (1992), this Court discussed the role legislative intent plays in ascertaining the meaning of a statute, stating that "[s]tatutes are to be construed to give effect to the intent of the legislature. The literal wording of the statute is important, however, other sources should also be considered in determining legislative intent." *Id.* (internal citations omitted). The Court noted that the "overall scheme and intent of the legislation must not be overlooked." *Id.* at 744, 828 P.2d at 308.

In 1979 the property tax exemption extended to property that "is used by the owner or bona fide lessee for grazing." I.C. § 63–604(1)(a)(iii)(1979). In 1988, the statute was amended to read "it is used by the owner <u>for the grazing of livestock to be sold as part of a net profit making enterprise</u>, or <u>is leased by the owner to a</u> bona fide lessee for grazing <u>purposes</u>" I.C. § 63–604(1)(a)(iii)(1988) (underlined portion added with the 1988 amendment). Though Highlands/Smith Family is correct that the word "used" was removed from the clause granting the agricultural exemption for leased property in 1988, the legislative history indicates that it was not the purpose of the legislation to remove actual use as a requirement. In an excerpt from the Senate Journal dated March 29, 1988, the Legislature discussed the amendments to what was then I.C. § 63–112 in its Statement of Legislative Intent, stating that the House Bill 709 was "intended to affect the following policies about the classification of lands as agricultural property for ad valorem taxation purposes.... Second, *grazing livestock by an owner or lessee* shall qualify as an agricultural purpose." (emphasis added).

The amendment was intended to explicitly provide that grazing *livestock* would qualify property for an exemption ("livestock" was not mentioned in the 1979 statute). Eliminating actual use by the owner or his/her lessee was *not* the Legislature's intent.

■ As indicated by this Court in *Idaho State Tax Comm'n v. Haener Bros., Inc.*, 121 Idaho 741, 743, 828 P.2d 304, 306 (1992), a statute must be construed so as to "give effect to the intent of the legislature." A statute need not be ambiguous in order for this Court to examine the legislature's intent in enacting it. The district court examined the Statement of Legislative Intent for the 1988 amendment and determined that the legislature intended actual use of the land for grazing livestock. The district court's analysis is consistent with the legislature's intent to provide a tax exemption for property "actively devoted to agriculture."

The district court examined the language of I.C. § 63–604(1)(a) and I.C. § 63–604 as a whole, noting that in the clauses where use was not a requirement, this fact was explicitly noted. For example, exemptions were expressly provided for idle land in a cropland retirement program or land owned by an individual actively serving in the military. The district court determined that the language at issue must be read "in light of the purpose and intent of the whole act," and that, although the word "used" was not included in the second part of subsection (iii) of I.C. § 63–604(1)(a), actual use was nonetheless a requirement to qualify for the exemption.

As indicated in *George W. Watkins Family v. Messenger*, 118 Idaho 537, 540, 797 P.2d 1385, 1388 (1990), "[s]tatutes must be construed as a whole without separating one provision from another. The primary function of the court in construing a statute is to determine legislative intent and give effect thereto." I.C. § 63–604 provides a tax exemption for land that is "actively devoted to agriculture." Requiring some actual use is in accord with the rules that exemption statutes should be given the narrowest possible meaning, an exemption will not be presumed, a taxpayer must show a clear entitlement to an exemption, and that the legislature's intent must prevail.

Both parties argue that *Roeder Holdings, L.L.C. v. Bd. of Equalization of Ada County,* 136 Idaho 809, 41 P.3d 237 (2001) supports their positions. *Roeder* involved a taxpayer who claimed entitlement to the agricultural exemption under I.C. § 63–604(1)(a)(i) for land "used to produce field crops." *Id.* at 810–11, 41 P.3d at 238–39. The Board of Tax Appeals had denied the exemption, relying in part on a Tax Commission regulation that added the requirement that the crop production be part of a "bona fide profit making agricultural enterprise." *Id.* at 812, 41 P.3d at 240. This Court held that the Tax Commission did not have the authority to create regulations imposing additional requirements to qualify for the exemption. *Id.* at 813, 41 P.3d at 241. Although there were no crops growing on the property at the time of the assessment, "Roeder had prepared the land for planting the previous fall in compliance with agricultural practices in order to be ready to plant with the spring rains. Thus, the land qualified as 'actively devoted to agriculture.'" *Id.* This Court granted Roeder the agricultural exemption under I.C. § 63–604(1)(a)(i). *Id.*

Highlands/Smith Family argues that the district court's determination of a "use" requirement in I.C. § 63–604(1)(a)(iii) is similar to the Tax Commission's attempt to use its regulations to impose additional requirements for an exemption in *Roeder.* This argument is not persuasive. The district court did not create an additional requirement to qualify for an exemption under I.C. § 63–604(1)(a)(iii). It ruled on the meaning of the statute. *Roeder's* holding that the preparation of the soil qualified the land as "actively devoted to agriculture" is also instructive. Roeder prepared the soil for planting crops. The lessee in this case has neither used the land for grazing nor taken steps to use the land for grazing by, for example, providing water sources or fencing. *Roeder* does not assist Highlands/Smith Family.

### III.

### CONCLUSION

The decision of the district court is affirmed. Ada County is awarded costs.

Justices EISMANN, BURDICK and Pro tem Justice WALTERS concur.

Pro Tem Justice REINHARDT sat but did not participate.