# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 39265-2011

<table>
<tr><td>

THOMPSON DEVELOPMENT, LLC, an
Idaho limited liability company,

    Petitioner-Appellant,

v.

IDAHO BOARD OF TAX APPEALS,

    Respondent.

THOMPSON DEVELOPMENT, LLC, an
Idaho limited liability company,

    Petitioner-Appellant,

v.

LATAH COUNTY BOARD OF
EQUALIZATION

    Respondent.

</td><td>

Lewiston, September 2012 Term

2012 Opinion No. 135

Filed: November 15, 2012

Stephen W. Kenyon, Clerk

</td></tr>
</table>

Appeal from the District Court of the Second Judicial District of the State of Idaho, in and for Latah County. The Hon. John R. Stegner, District Judge.

The judgment of the district court is <u>vacated</u>.

Susan R. Wilson, Moscow, argued for appellant.

Adrienne K. Willems, Latah County Deputy Prosecutor, Moscow, argued for respondents.

---

EISMANN, Justice.

    This is an appeal out of Latah County from a judgment of the district court holding that an agricultural exemption for real property taxes was not available to the appellant because

agricultural use of the real property would violate the city zoning ordinance. Because the zoning ordinance is irrelevant to qualifying for the exemption, we vacate the judgment of the district court.

## I.

## Factual Background.

Thompson Development, LLC (Landowner), owns real property in the City of Moscow that in early 2008 was platted as Phases I, II, and III of Indian Hills VI Addition. That real property is contiguous to approximately 400 acres of land owned and farmed by the Thompson family. In 2009, Landowner owned 13.88 acres of real property in Phases I-III, and in 2010 the acreage it owned was 15.97 acres.

The portion designated as Phase I, which consists of 4.91 acres, had not been seeded or fertilized in the fall of 2007. In the summer of 2008, Landowner hired a contractor to install infrastructure improvements in Phase I, which included removing some topsoil, compacting soil, and installing a street, sidewalks, and underground utilities.

In the fall of 2008, Landowner asked the contractor to leave the ground in Phase I in a condition sufficient to prepare for spring planting in 2009, and the land was chisel plowed (excluding the street and sidewalks) pursuant to customary farming practices. In the spring of 2009, spring wheat was planted on the property and then harvested in August of 2009.

In the fall of 2009, stubble was left standing for erosion control and, in the spring of 2010, five acres of the property, which included Phase I, were seeded for grass hay production and later clipped for weed control and plant development, as is usual the first year of grass seeding.

Landowner applied for agricultural exemptions to the farmed portion of the platted property for the tax years of 2009 and 2010. The assessor denied an exemption for 4.91 acres of the Phase I property, which is located on either side of the newly-paved street. Landowner appealed the 2009 decision to the Latah County Board of Equalization and then to the Board of Tax Appeals. It appealed the 2010 decision to the Board of Equalization. It then filed petitions for judicial review from the decision of the Board of Tax Appeals regarding the 2009 exemption and from the decision of the Board of Equalization regarding the 2010 exemption. The petitions

for judicial review were consolidated, and the district court conducted a de novo review. *Ada County Bd. of Equalization v. Highlands, Inc.*, 141 Idaho 202, 205, 108 P.3d 349, 352 (2005).

All parties moved for summary judgment, and the district court granted summary judgment to the Board of Tax Appeals and to the Board of Equalization. The district court held that the agricultural exemption was properly denied because agricultural use of the property violated the Moscow City Zoning Code. Landowner then timely appealed.

**II.**

**Did the District Court Err in Holding that the Zoning Ordinance Was Relevant to the Agricultural Exemption?**

Idaho Code section 63-602K sets forth the requirements for a property tax exemption for agricultural land. It exempts "[t]he speculative portion of the value of land actively devoted to agriculture." I.C. § 63-602K(1). The meaning of the phrase "land actively devoted to agriculture" is defined in Idaho Code section 63-604. I.C. § 63-602K(2).

Section 63-604(1) states differing requirements depending upon whether the real property consists of more than five contiguous acres or is five contiguous acres or less. In this case, the property denied the exemption consisted of 4.91 acres, but that is not determinative. "Contiguous" is defined as "being in actual contact or touching along a boundary or at a point, except no area of land shall be considered not contiguous solely by reason of a roadway or other right-of-way." I.C. § 63-604(7)(a) . The fact that the real property is platted into three phases is irrelevant to whether the property in those phases is contiguous, as is the fact that infrastructure developments were made to the property in Phase I but not the property in Phases II and III. It is undisputed that the property in Phases I, II, and III is contiguous under the statutory definition and that combined they exceed five acres. The property in Phases II and III was granted an agricultural exemption for both years. Therefore, the relevant portion of section 63-604(1) is that portion setting forth the requirements for an agricultural exemption for more than five contiguous acres. The relevant portion of that statute provides as follows:

> (1) For property tax purposes, land which is actively devoted to agriculture shall be eligible for appraisal, assessment and taxation as agricultural property each year it meets one (1) or more of the following qualifications:
> (a) The total area of such land, including the homesite, is more than five (5) contiguous acres, and is actively devoted to agriculture which means:

(i) It is used to produce field crops including, but not limited to, grains, feed crops, fruits and vegetables; or

(ii) It is used to produce nursery stock as defined in section 22-2302(11), Idaho Code; or

(iii) It is used by the owner for the grazing of livestock to be sold as part of a for-profit enterprise, or is leased by the owner to a bona fide lessee for grazing purposes; or

(iv) It is in a cropland retirement or rotation program.

The statute does not include zoning as a factor in deciding whether real property qualifies for the exemption. Thus, the zoning ordinance is irrelevant and the district court erred in considering the zoning of the property. Because it is unnecessary to our decision, we do not decide whether the court was correct in determining that the land could not be farmed under the zoning ordinance. We likewise need not decide the other issues raised by Landowner.

## III.

### Conclusion.

We vacate the judgment of the district court and remand this case for further proceedings that are consistent with this opinion. We award appellant costs on appeal.

Chief Justice BURDICK and Justices J. JONES, W. JONES and HORTON **CONCUR**.

4