IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 41668

| JAYO DEVELOPMENT, INC., | ) | |
|---|---|---|
| | ) | **Boise, December 2014 Term** |
| Petitioner-Appellant, | ) | |
| | ) | **2015 Opinion No. 25** |
| v. | ) | |
| | ) | **Filed: February 26, 2015** |
| ADA COUNTY BOARD OF | ) | |
| EQUALIZATION, | ) | **Stephen Kenyon, Clerk** |
| | ) | |
| Respondent. | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Eric J. Wildman, District Judge.

The decision of the district court is <u>affirmed</u>.

Michael R. Jones, PLLC, Boise, argued for appellant.

Ada County Prosecuting Attorney's Office, Boise, for respondent. Claire S. Tardiff argued.

_____

HORTON, Justice.

This is an appeal from the Ada County district court's decision affirming the Board of Tax Appeals' (the BTA) decision to deny appellant, Jayo Development, Inc.'s (Jayo Development) application for a business inventory property tax exemption. In 2012, Jayo Development applied for a property tax exemption pursuant to Idaho Code section 63-602W(4), claiming that the property qualified as site improvements held by a land developer. The Ada County Board of Equalization (the BOE) denied the application. Subsequently, the BTA and the district court both affirmed the denial. On appeal, Jayo Development argues that the plain language of the statute entitles it to the exemption, that the district court erred in relying on IDAPA 35.01.03.620 in denying Jayo Development the tax exemption, and that the 2013 amendment of Idaho Code section 63-602W(4) clarified the legislature's intent and supports its interpretation of the statute. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

1

Jayo Construction, Inc. (Jayo Construction), a land developing business, acquired forty-one parcels of real property located in seven different real estate developments in Idaho (the Parcels). In 2008, Jayo Construction made site improvements to the property by installing utilities, roads, sidewalks, and curbs. At the time the improvements were made, Douglas Jayo was the sole shareholder of Jayo Construction.

In December of 2008, Jayo Construction was reorganized. To that end, on December 26, 2008, Jayo Construction was dissolved and that same day, Jayo Construction LLC (Jayo LLC) was formed. In the process, the Parcels were transferred from Jayo Construction to Douglas Jayo personally, and then from Douglas Jayo to Jayo LLC. Douglas Jayo was the managing member of Jayo LLC and all assets of Jayo Construction were transferred to Jayo LLC.

In February of 2010, Jayo LLC was dissolved and Jayo Development was formed. Douglas Jayo is the sole shareholder of Jayo Development. Much like the 2008 reorganization, the Parcels were conveyed from Jayo LLC to Douglas Jayo personally, who then conveyed the Parcels to Jayo Development.

In 2012, Jayo Development timely filed a site improvement tax exemption application for the Parcels with the Ada County Assessor for the 2012 tax year. Jayo Development sought the exemption pursuant to Idaho Code section 63-602W(4), which was enacted in 2012 to include site improvements in the business inventory tax exemption.

On May 24, 2012, the Ada County Assessor issued a Notice of Exemption Denial, denying Jayo Development's site improvement exemption application. The Ada County Assessor reasoned that Jayo Development was not entitled to the exemption because Jayo Construction developed the property and then lost the exemption when it transferred title to the property to Douglas Jayo. Jayo Development appealed to the BOE. The BOE affirmed the Assessor's denial of the application.

Jayo Development appealed the decision of the BOE to the BTA. The BTA held a hearing to determine whether Jayo Development qualified for the property tax emption pursuant to Idaho Code section 63-602W(4). The BOE argued Jayo Development did not qualify for the exemption because it was not the developer who installed the site improvements, as those were installed by Jayo Construction. The BOE also argued that the site improvement exemption was lost upon conveyance of the property from the land developer based on IDAPA 35.01.03.620.04 (Rule 620) as it existed in 2012.

2

The BTA affirmed the decision. The BTA reasoned that the site improvements were added by Jayo Construction, and that Jayo Development was a different legal entity which obtained the Parcels after multiple conveyances, thus precluding it from obtaining the exemption. The BTA entered a final decision and order on April 4, 2013.

Jayo Development timely filed a petition for judicial review with the Ada County district court. Jayo Development and the BOE filed cross-motions for summary judgment. The district court granted the BOE's motion for summary judgment and denied Jayo Development's motion. The district court reasoned that Jayo Development was not entitled to the site improvement exemption under the plain and unambiguous language of Idaho Code section 63-602W(4). Further, the district court explained that even if the statute was ambiguous, Jayo Development would not be entitled to the exemption based on IDAPA 35.01.03.620.04, as the agency's interpretation of the statute supported the district court's interpretation that the exemption was lost upon the conveyance of the Parcels. In short, the district court concluded that only a land developer making site improvements was entitled to the exemption under the 2012 statute.

Jayo Development timely appealed to this Court.

## II. STANDARD OF REVIEW

Idaho Code section 63-3812(c) provides that appeals from the BTA to the district court are to be "determined by the court without a jury in a trial de novo on the issues in the same manner as though it were an original proceeding in that court." Thus, in an appeal from the grant of summary judgment pursuant to an Idaho Code section 63-3812 appeal, the proper standard of review "is the standard generally employed for reviewing an appeal from an order of summary judgment." *Ada Cnty. Bd. of Equalization v. Highlands, Inc.*, 141 Idaho 202, 205, 108 P.3d 349, 352 (2005).

> When this Court reviews a district court's decision on summary judgment, this Court employs the same standard used by the district court in reviewing the motion. The facts will be construed in favor of the non-moving party. Summary judgment is appropriate if there are no genuine issues of material fact and the case can be decided as a matter of law. The construction and application of a legislative act are pure questions of law as to which the Supreme Court exercises free review.

*Id*. at 205–06, 108 P.3d at 352–53 (internal quotations and citations omitted).

## III. ANALYSIS

3

The facts of this case are not in dispute. The question presented to this Court is purely a question of law regarding the interpretation and application of Idaho Code section 63-602W(4). Idaho Code section 63-602W was amended in 2012 "to provide that certain site improvements shall be exempt from property taxation." 2012 Idaho Sess. L. ch. 192, p. 517. The amendment was made retroactive to January 1, 2012. 2012 Idaho Sess. L. ch. 192, § 3, p. 519. The statute provided:

> The following property is exempt from property taxation: business inventory. For the purpose of this section, "business inventory" means all items of tangible personal property or other property, including site improvements, described as:
>
> . . . .
>
> (4) Site improvements, that are associated with land, such as roads and utilities, on real property *held by the land developer* for sale or consumption in the ordinary course of the land developer's business until other improvements, such as buildings or structural components of buildings, are begun *or title to the land is conveyed from the land developer*. An application is required for the exemption provided in this subsection.

I.C. § 63-602W(4) (2012) (emphases added). In 2013 the statute was amended to provide in relevant part:

> (4) Site improvements that are associated with land, such as roads and utilities, on real property held by the land developer, *either as owner or vendee in possession under a land sale contract*, for sale or consumption in the ordinary course of the land developer's business until other improvements, such as buildings or structural components of buildings, are begun *or the real property is conveyed to a third party. For purposes of this subsection, a transfer of title to real property to a legal entity of which at least fifty percent (50%) is owned by the land developer, the land developer's original entity or the same principals who owned the land developer's original entity shall not be considered a conveyance to a third party.*

I.C. § 63-602W(4) (2013) (emphases added); 2013 Idaho Sess. L. ch. 276, § 1, p. 715.

"This Court has set forth a number of rules in determining whether or not a taxpayer is entitled to an exemption." *Highlands, Inc.*, 141 Idaho at 206, 108 P.3d at 353. Namely, "[t]ax exemptions are disfavored generally, perhaps because they seem to conflict with principles of fairness—equality and uniformity—in bearing the burdens of government." *Id.* (quoting *In re Sunny Ridge Manor, Inc.*, 106 Idaho 98, 102, 675 P.2d 813, 817 (1984)). Thus, "[s]tatutes granting tax exemptions are strictly construed against the taxpayer and in favor of the State." *Id.* Further, tax exemptions are to be "narrowly construed" and the "taxpayer must show a clear entitlement to an exemption, as an exemption will never be presumed." *Id.*

4

Jayo Development presents several arguments as to why it is entitled to the tax exemption. First, Jayo Development argues that under the plain language of the 2012 statute, it qualified as a land developer entitled to the exemption. Next, it argues that the district court's reliance on a temporary rule promulgated to implement Idaho Code section 63-602W(4) in 2012 was error because the rule was permitted to lapse due to the amendment of the statute in 2013. Finally, Jayo Development argues that the 2013 amendment to Idaho Code section 63-602W was intended merely to clarify the statute, and as such, the amended statute should guide our interpretation of the 2012 statute.

## A. The unambiguous language of the 2012 statute precludes Jayo Development from obtaining the site improvement tax exemption.

The district court concluded that, based on the plain language of the statute, the tax exemption only applied to the land developer that made the site improvements. Because the site improvements were undertaken by Jayo Construction before Jayo Development acquired title to the Parcels, Jayo Development was not exempt. Jayo Development argues that the plain language of the statute dictates that the site improvements need only be "held by the land developer," and that Jayo Development is in fact a land developer, thereby entitling Jayo Development to the exemption. The BOE responds that the statute's plain language dictates the conclusion that Jayo Development is not entitled to the exemption because the legislature used the term "*the* land developer," which limits the exemption to the entity that made the site improvements. We agree.

Recently, this Court has articulated the standard applied to statutory interpretation:

> The objective of statutory interpretation is to give effect to legislative intent. Such intent should be derived from a reading of the whole act at issue. Statutory interpretation begins with the literal words of the statute, and this language should be given its plain, obvious, and rational meaning. If the statutory language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and there is no occasion for a court to consider rules of statutory construction. This is because [t]he asserted purpose for enacting the legislation cannot modify its plain meaning.

*Idaho Youth Ranch, Inc. v. Ada Cnty. Bd. of Equalization*, 157 Idaho 180, 184–85, 335 P.3d 25, 29–30 (2014) (alteration in original) (internal quotations and citations omitted). A statute is deemed ambiguous when:

> [T]he meaning is so doubtful or obscure that reasonable minds might be uncertain or disagree as to its meaning. However, ambiguity is not established merely because different possible interpretations are presented to a court. If this were the

5

case then all statutes that are the subject of litigation could be considered ambiguous . . . . [A] statute is not ambiguous merely because an astute mind can devise more than one interpretation of it.

*Farmers Nat. Bank v. Green River Dairy, LLC*, 155 Idaho 853, 856, 318 P.3d 622, 625 (2014) (alternations in original) (quoting *BHA Invs., Inc. v. City of Boise*, 138 Idaho 356, 358, 63 P.3d 482, 484 (2003)).

In 2012, the relevant statutory language provided, "site improvements . . . on real property *held by the land developer* for sale or consumption in the ordinary course of the land developer's business" are exempt from property taxation "until . . . title to the land is conveyed from the land developer." I.C. § 63-602W(4) (2012) (emphasis added). "Developer" is defined as "a person who develops real estate." *Webster's Third New International Dictionary* 618 (3rd ed. 1969). To "develop" is a verb and means "to convert (as raw land) into an area suitable for residential or business purposes." *Id.* Thus, the exemption is available to the person or entity who converts the land into an area suitable for residential or business purposes.

Further, the statute provides that the property is exempt when it is held by "*the* land developer." I.C. § 63-602W(4) (2012) (emphasis added). "The" is used to "indicate that a following noun or noun equivalent is definite." *Merriam Webster's Collegiate Dictionary* 1221 (10th ed. 1993). The use of "the" indicates a specific land developer, not any land developer. Had the legislature intended the exemption to apply to any land developer holding property improved by site improvements, the legislature would have used "a land developer" or "any land developer" in the statute which would leave the noun, land developer, unspecified. *See, e.g.,* I.C. § 63-602B(1) (wherein the legislature provides an exemption for "property belonging to any religious limited liability company"); I.C. § 63-602D(2) ("The following property is exempt from taxation: the real property owned and personal property, including medical equipment, owned or leased by a hospital corporation or a county hospital . . . .").

Simply because the parties present differing interpretations of a statute does not make it ambiguous. Here, under the plain language of the statute, site improvements are exempt when held by the person or entity that made the improvements. It is undisputed that the site improvements to the Parcels were made by Jayo Construction in and around 2008. As Jayo Development did not develop the real estate, it is not entitled to the tax exemption.

Jayo Development argues, however, that it is also in the business of land developing. Jayo Development argues that since the Parcels were conveyed from Jayo Construction to

Douglas Jayo, who was the sole shareholder of Jayo Construction, and then to Jayo LLC, of which Douglas Jayo was the managing member, and eventually to Jayo Development, of which Douglas Jayo is the sole shareholder, that title was never conveyed from the land developer.

This argument is without merit. Idaho Code section 63-602W(4) provided that site improvements are exempt from property taxation "until . . . title to the land is conveyed from the land developer." I.C. § 63-602W(4) (2012). Quite simply, Jayo Construction is not the same entity as Jayo Development. Jayo Construction conveyed title to the land to Douglas Jayo in 2008. Jayo Construction and Jayo Development are separate legal entities, and Douglas Jayo in his personal capacity is separate from the legal entities. *See Wash. Fed. Sav. v. Van Engelen*, 153 Idaho 648, 654, 289 P.3d 50, 56 (2012). In *Washington Federal*, a husband and wife financed their development projects through two entities: an LLC of which they were controlling members, and a corporation, of which they were controlling shareholders. *Id.* at 652, 289 P.3d at 54. This Court explained that the husband and wife in their personal capacities, their LLC, and their corporation "are all distinct." *Id.* at 654, 289 P.3d at 56. "[A] corporation is a separate entity from its shareholders," just as "a limited liability company is a separate entity from its members." *Id.* Further, "common control" by the husband and wife, did not convert the LLC and corporation into a single entity. *Id.*

As in *Washington Federal*, Douglas Jayo, Jayo Construction, and Jayo Development are all distinct. Title to the Parcels was conveyed from the entity that developed the land, Jayo Construction, in 2008 when Jayo Construction conveyed the land to Douglas Jayo. Under the plain language of the statute, Jayo Development is not entitled to the property tax exemption.

**B. The district court's reliance on the 2012 temporary rule is of no consequence to this appeal.**

The district court noted that even if Idaho Code section 63-602W(4) was ambiguous, that Jayo Development would not be entitled to the tax exemption because the Idaho State Tax Commission promulgated IDAPA 35.01.03.620 (Rule 620) which supported the district court's plain language interpretation. Jayo Development argues that the district court erred in looking at Rule 620 because by the time the district court heard arguments on the issue, the regulation had expired.

In view of our determination of the plain meaning of Idaho Code section 63-602W as it existed for 2012, we need not address the district court's reliance on the Rule as it did not affect

Jayo Development's substantial rights and therefore, is not a basis for reversing the district court's decision.

**C. The 2013 amendment to Idaho Code section 63-602W has no effect on the meaning of the statute as it existed in 2012.**

Jayo Development argues that the legislature's amendment of Idaho Code section 63-602W in 2013 served to clarify its earlier intent, and this Court should thus consider the amendment in reaching our decision as to the meaning of the 2012 law.

The 2013 amendment added language regarding the transfer of property which results in the loss of the exemption. Under the 2012 statute, site improvements "held by the land developer" were exempt from property taxation "until . . . title to the land is conveyed from the land developer." I.C. § 63-602W(4) (2012). The amendment added the following language regarding the transfer of property:

> For purposes of this subsection, a transfer of title to real property to a legal entity of which at least fifty percent (50%) is owned by the land developer, the land developer's original entity or the same principals who owned the land developer's original entity shall not be considered a conveyance to a third party.

2013 Idaho Sess. L. ch. 276, § 1, p. 715. Jayo Development argues that this amendment makes it clear that under the language of the 2012 statute, site improvements were exempt from taxation even after title to the real property was transferred so long as the property was transferred to a legal entity owned by the same person. Arguing from this premise, Jayo Development argues that no disqualifying transfer took place because Douglas Jayo was the sole shareholder of Jayo Construction and Jayo Development. This argument is without merit.

Because we have concluded the language of the 2012 statute is unambiguous, there is no need to engage in statutory interpretation and thus, no need to consider the 2013 amendment. *See Lane Ranch P'ship v. City of Sun Valley*, 145 Idaho 87, 89, 175 P.3d 776, 778 (2007) ("Where the language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and there is no occasion for a court to construe the language."); *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 892–93, 265 P.3d 502, 505–06 (2011) ("The asserted purpose for enacting the legislation cannot modify its plain meaning.").

Further, the 2013 amendment to Idaho Code section 63-602W expressly indicated that it was to be applied "retroactively to January 1, 2013." 2013 Idaho Sess. L. ch. 276, § 2, p. 715. Had the legislature wished for the amendment to apply retroactively to the 2012 tax year, the legislature could have done so. It did not.

For these reasons, we do not look to or apply the 2013 amendment of Idaho Code section 63-602W to Jayo Development's 2012 property tax exemption application. The district court correctly concluded that Jayo Development was not entitled to the exemption based on the plain and unambiguous language of the 2012 statute.

**D. The BOE is entitled to attorney fees on appeal under Idaho Code section 12-117(1).**

Both parties request attorney fees on appeal pursuant to Idaho Code section 12-117(1). Here, Jayo Development is not the prevailing party on appeal, and therefore is not entitled to attorney fees. The BOE is the prevailing party. The BOE argues that pursuit of this appeal was unreasonable. We agree.

Idaho Code section 12-117(1) provides:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

Thus, "the party seeking fees must be the prevailing party and the losing party must have acted without a reasonable basis in fact or law." *Rowley v. Ada Cnty. Highway Dist.*, 156 Idaho 275, 282, 322 P.3d 1008, 1015 (2014) (quoting *City of Osburn v. Randel*, 152 Idaho 906, 910, 277 P.3d 353, 357 (2012)). In instances where parties to appeals before this Court have advanced arguments based upon a disregard for plain language, we have found them to have acted without a reasonable basis in law. *See Idaho Wool Growers Ass'n, Inc. v. State*, 154 Idaho 716, 724, 302 P.3d 341, 349 (2012); *Fischer v. City of Ketchum*, 141 Idaho 349, 356, 109 P.3d 1091, 1098 (2005). This is such an instance. We conclude that the BOE is entitled to an award of attorney fees incurred in this appeal.

## IV. CONCLUSION

We affirm the decision of the district court which affirmed the Final Decision and Order issued by the BTA denying Jayo Development a site improvement property tax exemption. We award costs and attorney fees on appeal to the BOE.

Chief Justice BURDICK and Justices EISMANN, J. JONES and Justice Pro Tem WALTERS **CONCUR**.

9