710 P.2d 595

**INTERMOUNTAIN HEALTH CARE, INC., a nonprofit Utah corporation doing business as Primary Children's Medical Center, Plaintiff-Appellant,**

v.

**BOARD OF COUNTY COMMISSIONERS OF MADISON COUNTY, Idaho, Defendant-Respondent.**

No. 14904.

Supreme Court of Idaho.

Nov. 22, 1985.

Larry Lee Goins, Idaho Falls, for plaintiff-appellant.

Brent J. Moss and Dean Dalling (argued), Rexburg, for defendant-respondent.

BISTLINE, Justice.

On November 10, 1980, Darrel and Tina Deakins moved to Rexburg, Madison County, Idaho, in order for Mr. Deakins to take advantage of an employment opportunity. Prior to their move, the Deakins had resided in Canyon County, Idaho, since birth.

On February 5, 1981 Dustyn Deakins was born in Rexburg. The birth was premature and was accompanied by severe medical problems. The child was immediately transported to Primary Children's Medical Center (Primary) for newborn intensive care-treatment. Hospitalization continued for almost three months resulting in hospital charges in the sum of $92,962.12 and also neonatologist charges in the sum of $7,344.25. Application was made to Madison County for payment of these charges, and on March 17, 1981, the county denied the claim on several grounds, one of which was that Madison County was not the obligated county.

On appeal the district court concluded that Madison County was not the obligated county under the Idaho medical indigency statutes. The court held that the Deakins had not resided there for six months prior to the hospitalization at issue. The district court arrived at its conclusion by interpreting I.C. § 31–3506, which was added by the Idaho legislature in 1974 and subsequently amended in 1976. The revision as affected by the amendment is indicated below:

> **31–3506. Determination of obligated county.** Payment for hospitalization of a medically indigent individual shall be provided by the county in which such individual last resided for a period of six (6) months during the five (5) years maintained a residence immediately preceding hospitalization or institutionalization. If such individual has not resided in any county of Idaho for a period of six (6) months within the five (5) years preceding hospitalization, then the county where the individual maintains a residence immediately preceding hospitalization shall be the obligated county. If the individual does not reside in any county in Idaho at the time, then the county where the hospital rendering services is located shall be the obligated county, except that in the case of automobile accidents involving nonresident

~~individuals traveling in the state, the county wherein the accident occurred shall be the obligated county.~~ (Underlining indicates material added in 1976; overstriking indicates material deleted in 1976.)

At issue in this case is the meaning of the two sentences of this section. The meaning of the first sentence of I.C. § 31–3506 is clear on its face. A medically indigent person's residence at the time of hospitalization, which in this case was Madison County where this claim was filed, should be used to determine the county liable for payment of that person's hospitalization costs. Where a statute is clear and unambiguous, the expressed intent of the legislature must be given effect. *State Department of Law Enforcement v. One 1955 Willys Jeep, V.I.N.*, 100 Idaho 150, 153, 595 P.2d 299, 302 (1979); *Worley Highway Dist. v. Kootenai County*, 98 Idaho 925, 928, 576 P.2d 206, 209 (1978).

 The legislative intent can also be seen by examining the 1976 amendment of I.C. § 31–3506. Prior to 1976, the first sentence provided that the liable county was the county in which the medically indigent person "last resided for a period of six months during the five years preceding hospitalization." In the amended version, the liable county is the county in which the medically indigent person "maintained a residence immediately preceding hospitalization or institutionalization." When a statute is amended, it is presumed that the legislature intended the statute to have a meaning different from that accorded the statute before amendment. *Lincoln County v. Fidelity & Deposit Co. of Maryland*, 102 Idaho 489, 491, 632 P.2d 678, 680 (1981); *Leonard Constr. Co. v. State ex rel. State Tax Comm'n*, 96 Idaho 893, 896, 539 P.2d 246, 249 (1975); *McKenney v. McNearney*, 92 Idaho 1, 4, 435 P.2d 358, 361 (1967). It should thus be presumed that in amending the statute the legislature intended that the liable county be determined on the basis of residency immediately preceding hospitalization rather than the county where the medically indigent person "last resided for a period of six months...."

The second sentence of I.C. § 31–3506 by its literal terms, does not apply to this case. It only applies if the individuals needing aid have not "resided in any county of Idaho for a period of six months preceding hospitalization." Here it is undisputed that the Deakins have resided in a county of Idaho for over six months within the past five years. Thus, the second sentence is at best inapplicable and at worst redundant. Accordingly, we reverse the district court and reinstate the complaint.

Costs to appellants; no attorney's fees.

DONALDSON, C.J., and BAKES and HUNTLEY, JJ., concur.

SHEPARD, J., dissents without opinion.