# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 44211

| | |
|---|---|
| CHANDLER'S-BOISE LLC, | ) |
| | ) **Boise, June 2017 Term** |
| Plaintiff-Appellant, | ) |
| | ) **2017 Opinion No. 88** |
| v. | ) |
| | ) **Filed: July 11, 2017** |
| IDAHO STATE TAX COMMISSION, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| Defendant-Respondent. | ) |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

The judgment of the district court is <u>affirmed</u>. Costs and attorney fees on appeal are <u>awarded </u>to the respondent.

Givens Pursley, LLP, Boise, attorneys for appellant. Peter Barton argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorneys for respondent. Erick Shaner argued.

_____

JONES, Justice.

## I. NATURE OF THE CASE

Chandler's-Boise, LLC ("Chandlers"), challenges a district court's grant of summary judgment upholding the Idaho State Tax Commission's (the "Commission") deficiency determination. The Commission determined that Chandlers did not pay sales tax on gratuities that were automatically added to customer checks between 2007 and 2010. Chandlers appeals.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This is a sales tax appeal, and the facts are uncontested. The crux of the appeal concerns an administrative rule and its interaction with certain sections of the Idaho Sales Tax Act (the "Tax Act"), Idaho Code title 63, chapter 36. The Legislature amended the Tax Act in the midst

1

of the underlying litigation (the "2011 Amendment"). The following is a review of relevant portions of the Tax Act, the administrative rule, and the 2011 Amendment.

Idaho Code section 63-3619 imposes a tax upon "each sale at retail at the rate of six percent (6%) of the sales price." I.C. § 63-3619. A "sale" is defined by Idaho Code section 63-3612(1) as follows:

> The term "sale" means any transfer of title, exchange or barter, conditional or otherwise, of tangible personal property for a consideration and shall include any similar transfer of possession found by the state tax commission to be in lieu of, or equivalent to, a transfer of title, exchange or barter.

I.C. § 63-3612(1). Idaho Code section 63-3612(2)(b) provides that a "sale" also includes "[f]urnishing, preparing, or serving food, meals, or drinks and nondepreciable goods and services directly consumed by customers included in the charge thereof." I.C. § 63-3612(2)(b).

Idaho Code section 63-3613(a) defines "sales price" as the "total amount for which tangible personal property, including services agreed to be rendered as a part of the sale, is sold." I.C. § 63-3613(a). However, Idaho Code section 63-3613(b) excludes certain charges from the "sales price" thereby rendering said charges tax-exempt. There are two exclusions that Chandlers contends are relevant to this appeal.

First, subsection (b)(4), as it existed in 2010, exempts the following charges from the "sales price":

> The amount charged for labor or services rendered in installing or applying the property sold, provided that said amount is stated separately and such separate statement is not used as a means of avoiding imposition of this tax upon the actual sales price of the tangible personal property; except that charges by a manufactured homes dealer for set up of a manufactured home shall be included in the "sales price" of such manufactured home.

I.C. § 63-3613(b)(4) (2010). Second, subsection (b)(6) excludes: "The amount charged for finance charges, carrying charges, service charges, time-price differential, or interest on deferred payment sales, provided such charges are not used as a means of avoiding imposition of this tax upon the actual sales price of the tangible personal property." I.C. § 63-3613(b)(6).

There is also a tax commission rule that is at issue in this case. The 2010 version of IDAPA Rule 35.01.02.043.04.c (the "Pre-2011 Rule") provided as follows:

> When an amount is added to a customer's bill by the retailer, and the customer is not advised in writing on the face of the bill that he may decline to

2

pay all or part of the amount, it is not a gratuity and the fee so added is subject to the sales tax.

IDAPA 35.01.02.043.04.c (2010). As previously mentioned, the Tax Act was amended by the Legislature in 2011. The 2011 Amendment added the following exemption to Idaho Code section 63-3613: "Sales price shall not include a gratuity or tip received when paid to the service provider of a meal. The gratuity or tip can be either voluntary or mandatory, but must be given for the service provided and as a supplement to the service provider's income." I.C. § 63-3613(f). By adding this exemption, the Legislature did away with the voluntariness distinction in the Pre-2011 Rule. Accordingly, the Tax Commission revised the Pre-2011 Rule to provide: "When a gratuity is paid in addition to the price of a meal, no sales tax applies to the gratuity. A gratuity can be paid voluntarily by the customer or be required by the seller." IDAPA 35.01.02.043.04.

Chandlers owns and operates a steak and seafood restaurant in downtown Boise, Idaho. The Commission, through its Sales, Use, and Miscellaneous Tax Audit Bureau (the "Bureau"), conducted a comprehensive sales audit of Chandlers for the period of May 1, 2007, through May 31, 2010 (the "Audit Period"), to determine sales tax law compliance. After its audit, the Bureau asserted errors in sales, fixed asset additions, ordinary purchases, and meals given to employees and guests. The only error relevant to this appeal is Chandlers' failure to pay sales tax on automatically added gratuities[1] that were added to banquet meals, room service meals, and restaurant dining services for groups having six or more persons (the "Charges"). The bills that Chandlers gave its customers during the Audit Period did not contain a written statement indicating that the Charges could be declined as required by the Pre-2011 Rule. Chandlers did not retain the Charges in question; rather, the employees involved in preparing or providing the meals, including the server, busser, and bartender, kept the Charges.

On June 18, 2010, the Bureau issued a Notice of Deficiency Determination to Chandlers wherein it determined that Chandlers owed $91,243 for sales and use tax plus penalty and interest. On August 20, 2010, Chandlers timely protested the deficiency and filed a Petition for Redetermination of Notice of Deficiency Determination to the Commission. At that time,

---

[1] The term "gratuities" is a misnomer in this context because, according to the Pre-2011 Rule, an amount automatically added to a customer's bill without notice that it may be declined "is not a gratuity." IDAPA 35.01.02.043.c (2010).

Chandlers provided additional documentation for the Bureau's review. After reviewing the documentation, the Bureau modified the audit findings and reduced Chandlers' liability.

On July 14, 2015, the Commission upheld the Bureau's determination that the Charges were subject to sales tax and concluded that Chandlers owed $52,167, less $9,748 that had already been paid. On October 13, 2015, Chandlers filed a Complaint for Judicial Review and Redetermination of Tax with the district court challenging the Commission's updated Notice of Deficiency Determination. On March 1, 2016, both parties filed motions for summary judgment.

On April 7, 2016, the district court granted summary judgment in favor of the Commission thereby affirming the deficiency determination. In its summary judgment order, the district court explained that the Pre-2011 Rule was in effect during the entire Audit Period. The district court noted that the parties agreed that Chandlers added the Charges to customers' bills without writing on the face of the bills that the Charges may be declined. The district court held that, according to relevant law in effect at the time of the Audit Period, sales tax must be paid on the Charges. The district court acknowledged that Idaho Code section 63-3613 was amended in 2011 to exempt gratuities, whether voluntary or mandatory, from being taxed as part of the "sales price." However, the district court held that the 2011 Amendment did not affect the Commission's deficiency determination because it was not retroactive to the Audit Period. The district court did not address attorney's fees or costs. A corresponding judgment was entered on April 8, 2016.

Chandlers appeals.

### III. ISSUES ON APPEAL

1. Whether the district court erred by determining that Idaho Code sections 63-3613(b)(4) and (b)(6) did not apply to this case.

2. Whether the district court erred by determining that the 2011 Amendment did not clarify or reflect the state of the statute as it existed all along.

3. Whether the Commission is entitled to costs and attorney's fees below and/or on appeal.

### IV. STANDARD OF REVIEW

A taxpayer may appeal a decision by the Tax Commission to the district court by filing a complaint against the Tax Commission in the district court pursuant to Idaho Code section 63–3049. The case proceeds as a de novo bench trial in the district court. This Court reviews the district court's decision directly, and utilizes the Tax Commission's administrative determination as merely an articulation of the position of the Tax Commission as a party to the action.

4

This Court reviews the district court's grant of summary judgment under the same standard employed by the district court. The fact that the parties have filed cross-motions for summary judgment does not change the applicable standard of review, and this Court must evaluate each party's motion on its own merits. Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Because the case proceeds as a de novo bench trial in front of the district court, the district court, as the trier of fact, is entitled to arrive at the most probable inferences based upon the undisputed evidence properly before it and grant the summary judgment despite the possibility of conflicting inferences. This Court freely reviews the entire record that was before the district court to determine whether either side was entitled to judgment as a matter of law and whether the inferences drawn by the district court are reasonably supported by the record.

*Gracie, LLC v. Idaho State Tax Comm'n*, 149 Idaho 570, 572, 237 P.3d 1196, 1198 (2010) (internal quotations and citations omitted).

## V. ANALYSIS

**A.** **The district court did not err by determining that the exemptions set forth in Idaho Code sections 63-3613(b)(4) and (b)(6) did not apply to this case.**

Chandlers argues that the Charges are tax-exempt because they are excluded from the "sales price" by Idaho Code sections 63-3613(b)(4) and (b)(6). Chandlers asserts that the district court erred by narrowly construing the exclusions in a way that categorically excluded the Charges from tax-exemption.

In a related argument, Chandlers asserts that the district court erred in relying upon the Pre-2011 Rule in finding that the Charges were subject to sales tax. Chandlers asserts that the Pre-2011 Rule conflicts with IDAPA Rule 35.01.02.11.02(c) ("Rule 11"). Rule 11 provides that when the transfer of tangible personal property and the performance of a service are both consequential elements of a transaction—a "mixed transaction"—the former is subject to sales tax, and the latter is not.

The Commission argues that the district court properly held that the exclusions in Idaho Code section 63-3613(b) do not apply to this case. The Commission makes three arguments to support its position. First, the Commission argues that Chandlers' interpretation of Idaho Code section 63-3613(b)(4) is nonsensical and stifles the true meaning of the section because a plain reading of the statute makes clear that it does not apply to restaurant tips, fees, or service charges. Second, the Commission asserts that when subsection (b)(6) is read as a whole, it

becomes clear that the term "service charges" is not intended to include restaurant related charges. Third, the Commission asserts that Chandlers' argument relating to Rule 11 is misplaced. The Commission explains that Rule 11 states that sales tax is applied to services "stated above." Included in the services "stated above" is the "[f]urnishing, preparing or serving food, meals or drinks." Thus, the Commission argues that the plain language of Rule 11 subjects services related to providing a restaurant meal to sales tax.

In *Jayo Dev., Inc. v. Ada Cnty. Bd. of Equalization*, 158 Idaho 148, 345 P.3d 207 (2015), this Court reiterated the standard applied to statutory interpretation:

> The objective of statutory interpretation is to give effect to legislative intent. Such intent should be derived from a reading of the whole act at issue. Statutory interpretation begins with the literal words of the statute, and this language should be given its plain, obvious, and rational meaning. If the statutory language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and there is no occasion for a court to consider rules of statutory construction. This is because [t]he asserted purpose for enacting the legislation cannot modify its plain meaning.

*Id.* at 152, 345 P.3d at 211(alteration in original) (quoting *Idaho Youth Ranch, Inc. v. Ada Cnty. Bd. of Equalization*, 157 Idaho 180, 184–85, 335 P.3d 25, 29–30 (2014)).

As previously mentioned, Idaho Code section 63-3613(b) renders certain charges tax-exempt by excluding them from the "sales price." Subsection (b)(4) excludes the following charges from the "sales price":

> The amount charged for labor or services rendered in installing or applying the property sold, provided that said amount is stated separately and such separate statement is not used as a means of avoiding imposition of this tax upon the actual sales price of the tangible personal property; except that charges by a manufactured homes dealer for set up of a manufactured home shall be included in the "sales price" of such manufactured home.

I.C. § 63-3613(b)(4) (2010). Subsection (b)(6) exempts the following charges from the "sales price": "The amount charged for finance charges, carrying charges, service charges, time-price differential, or interest on deferred payment sales, provided such charges are not used as a means of avoiding imposition of this tax upon the actual sales price of the tangible personal property." I.C. § 63-3613(b)(6).

The 2010 version of Rule 11 provided as follows, in pertinent part:

Retail Sales of Tangible Personal Property Together with Services.

6

The sales tax applies to retail sales of tangible personal property. <u>It does not apply to the sale of services except as stated above.</u>[2] However, when a sale of tangible personal property includes incidental services, the tax applies to the total amount charged, including fees for any incidental services except separately stated transportation and installation fees. The fact that the charge for the tangible personal property results mainly from the labor or creativity of its maker does not turn a sale of tangible personal property into a sale of services. The cost of any product includes labor and manufacturing skill. . . .

IDAPA 35.01.02.11.02 (2010) (emphasis added).

Chandlers' arguments are meritless. The plain language of subsections (b)(4) and (b)(6) indicate a narrow application and do not render the Charges tax-exempt. Subsection (b)(4) narrowly targets service charges related to contractors. This interpretation is supported by the fact that the subsection mentions charges related to the setting up of a manufactured home. This interpretation is bolstered by IDAPA Rule 35.01.02.014, titled "Contractors/Retailers." It provides that an over-the-counter sale of an appliance such as a stove or refrigerator is taxed, but an installation charge related to the sale, if properly separated, is not taxed. IDAPA 35.01.02.014.06. Subsection (b)(6) specifically exempts charges related to the financial industry and does not apply to restaurant related charges. This interpretation is supported by the legal maxim *noscitur a sociis*, "which means 'a word is known by the company it keeps.'" *State v. Schulz*, 151 Idaho 863, 867, 264 P.3d 970, 974 (2011) (quoting *State v. Hammersley*, 134 Idaho 816, 821, 10 P.3d 1285, 1290 (2000)). In light of subsection (b)(6)'s exemption of technical financial charges, it would be unreasonable to broaden the term "service charges" to include restaurant related charges. For the foregoing reasons, neither subsection (b)(4), nor subsection (b)(6) renders the Charges tax-exempt.

Chandlers' argument that the Pre-2011 Rule should not be relied upon due to its conflict with Rule 11 is meritless. Rule 11 exempts certain consequential service charges from sales tax. Crucially, though, Rule 11 provides that sales tax is applied to sales including the "[f]urnishing, preparing or serving [of] food, meals or drinks for compensation." IDAPA 35.01.02.011.01.c (2010). Thus, the Pre-2011 Rule and Rule 11 do not conflict because both result in the taxation of services related to providing a restaurant meal.

---

[2] One of the "sale of services . . . stated above" is: "Furnishing, preparing or serving food, meals or drinks for compensation." IDAPA 35.01.02.011.01.c (2010).

**B.** **The district court did not err by determining that the 2011 Amendment changed the statute rather than clarifying or reflecting the state of the statute as it existed all along.**

Chandlers' argument that the 2011 Amendment clarified the meaning of the statute as it existed all along can be distilled to three main points. First, Chandlers asserts that the legislative history of the 2011 Amendment indicates that the Pre-2011 Rule's unnecessary distinction between voluntary and mandatory gratuities was the impetus for the 2011 Amendment. Chandlers notes that the House Revenue and Taxation Committee minutes include the following: "[T]his legislation adds language to the statute to clarify that the sales price does not include a gratuity or a tip when serving meals, and therefore, is not taxed." Similarly, the Senate Local Government and Taxation Committee minutes include the following: "This bill adds language to clarify and make consistent that the sales price should not include gratuity for serving meals and therefore is not subject[] to sales tax." Chandlers argues that the foregoing legislative history demonstrates that the Pre-2011 Rule's misplaced distinction between voluntary and mandatory gratuities was the impetus for the 2011 Amendment.

Second, Chandlers requests that this Court apply the substance of the 2011 Amendment to the Audit Period even though the amendment contains a retroactive effective date of January 1, 2011. Chandlers asserts that Idaho courts have applied the substance of a "clarificatory" statutory amendment to circumstances predating an amendment's effective date. In support of its assertion, Chandlers relies predominantly upon *Stonecipher v. Stonecipher*, 131 Idaho 731, 963 P.2d 1168 (1998), for the proposition that legislative clarifications merely further describe statutes as they already existed at the time of enactment notwithstanding a stated effective date that is later than the events in question.

Third, Chandlers asserts that the 2011 Amendment's January 1, 2011 retroactive effective date "does not mean that the pre-Amendment Idaho Code [section] 63-3613(b)(4) and/or (6) did not already incorporate or otherwise encompass this concept." In support of its position, Chandlers quotes the following from Sutherland on Statutory Construction:

> An amendment which in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act, where the amendment was adopted soon after the controversy arose concerning the proper interpretation of the statute. This has led courts to logically conclude that an amendment was adopted to make plain what the legislation had been all along from the time of the statute's original enactment.

8

Chandlers argues that the 2011 Amendment clarifies what the Legislature meant in enacting Idaho Code section 63-3613(b)(4) and (b)(6) in the first place, *i.e.*, gratuities such as the Charges are not subject to sales tax.

The Commission raises three points. First, the Commission argues that the 2011 Amendment is retroactive only to January 1, 2011. For support, the Commission cites *Jayo Dev., Inc. v. Ada Cnty. Bd. of Equalization*, 158 Idaho 148, 345 P.3d 207 (2014), wherein this Court denied a plaintiff's argument that a statutory amendment served to clarify the Legislature's earlier intent as it existed all along. This Court stated: "Had the legislature wished for the amendment to apply retroactively to the 2012 tax year, the legislature could have done so. It did not." *Id.* at 154, 345 P.3d at 213. The Commission likens the case at hand to *Jayo Development Inc.* and argues that had the Legislature wished for the 2011 Amendment to relate back any further than January 1, 2011, it would have done so.

Second, the Commission asserts that Chandlers' argument that the 2011 Amendment strengthened or clarified the law as it existed all along is meritless. To begin, the Commission asserts that the 2011 Amendment did not clarify the existing law, but changed the law by creating a narrow exemption that did not previously exist, *i.e.*, the restaurant owner's income is distinguished from the server's income. The Commission argues that this new exemption illustrates that the law was changed by the 2011 Amendment, not clarified. Similarly, the Commission argues that the Legislature's approval of the Commission's revisions to IDAPA Rule 35.01.02.043.04 (the "Post-2011 Rule") illustrates that the 2011 Amendment changed the law instead of clarifying it. The Commission notes that the Post-2011 Rule added new requirements for service charges to be tax-exempt, namely: tips must be additional income to the base wages of the server; tips cannot be used to artificially lower the cost of the meal to avoid sales tax; and the tips cannot go to managers or owners unless they are directly involved with providing the meal. Next, the Commission addresses Chandlers' argument that the 2011 Amendment was aimed at correcting an inconsistency created by the Pre-2011 Rule. The Commission concedes that, generally speaking, services are not subject to sales tax under the Tax Act, but claims that some services are still taxable, *e.g.*, prior to 2011, services related to "[f]urnishing, preparing, or serving food, meals, or drinks" were taxed. Thus, the Commission argues that the 2011 Amendment could not be solely aimed at correcting the Pre-2011 Rule because the Pre-2011 Rule was consistent with the plain language of Idaho Code sections 63-

9

3619, -3612, and -3613 as they existed prior to the 2011 Amendment. Turning to Chandlers' reliance on Sutherland on Statutory Construction, the Commission notes that although the treatise provides that an amendment that clarifies a prior statute must be accepted as a declaration of the meaning of the original act, the treatise also provides that "[a]n amendment of an unambiguous statute indicates an intent to change the law."

Third, and finally, the Commission argues that the 2011 Amendment must be narrowly construed against Chandlers. The Commission cites *Jayo Development, Inc.* for the proposition that "'[s]tatutes granting tax exemptions are strictly construed against the taxpayer and in favor of the State.' . . . Further, tax exemptions are to be 'narrowly construed' and the 'taxpayer must show a clear entitlement to an exemption, as an exemption will never be presumed.'" 158 Idaho at 151, 345 P.3d at 210 (quoting *Ada Cnty. Bd. of Equalization v. Highlands, Inc.*, 141 Idaho 202, 206, 108 P.3d 349, 353 (2004)). The Commission argues that to interpret the 2011 Amendment to apply before its clearly expressed retroactive effective date, January 1, 2011, is contrary to the plain words of the amendment and is not a narrow interpretation strictly construed against the taxpayer.

> The objective of statutory interpretation is to give effect to legislative intent. Such intent should be derived from a reading of the whole act at issue. Statutory interpretation begins with the literal words of the statute, and this language should be given its plain, obvious, and rational meaning. If the statutory language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and there is no occasion for a court to consider rules of statutory construction. This is because [t]he asserted purpose for enacting the legislation cannot modify its plain meaning.

*Jayo Development, Inc.*, 158 Idaho at 152, 345 P.3d at 211 (alteration in original) (quoting *Idaho Youth Ranch, Inc. v. Ada Cnty. Bd. of Equalization*, 157 Idaho 180, 184–85, 335 P.3d 25, 29–30 (2014)).

> This Court has set forth a number of rules in determining whether or not a taxpayer is entitled to an exemption. Namely, [t]ax exemptions are disfavored generally, perhaps because they seem to conflict with principles of fairness— equality and uniformity—in bearing the burdens of government. Thus, [s]tatutes granting tax exemptions are strictly construed against the taxpayer and in favor of the State. Further, tax exemptions are to be narrowly construed and the taxpayer must show a clear entitlement to an exemption, as an exemption will never be presumed.

*Id.* at 151, 345 P.3d at 210 (alterations in original) (internal quotations and citations omitted).

10

*Stonecipher v. Stonecipher*, 131 Idaho 731, 963 P.2d 1168 (1998), involved a mother's attempt to collect unpaid child support payments from her children's father in 1995 via a motion for an order to show cause. The statute at issue was enacted in 1988 and provided: "An action or proceeding to collect child support arrearages accrued under a support order must be commenced within five (5) years after the child reaches the age of majority or within five (5) years after the child's death, if death occurs before the child reaches majority." I.C. § 5-245 (1988). A 1995 amendment to the statute added the following sentence: "An action or proceeding under this section shall include, but is not limited to, execution on the judgment, order to show cause, garnishment, income withholding, income tax offset or lottery prize offset." I.C. § 5-245 (1995). This Court reasoned that the original purpose of the 1988 version of the statute was to benefit the mother and held that the 1995 amendment "simply clarified the language of the original statute by providing a list, though non-exhaustive, of terms to be encompassed by 'an action or proceeding to collect child support arrearages.'" *Stonecipher*, 131 Idaho at 735, 963 P.2d at 1172. Accordingly, the 1995 amendment was interpreted as clarifying the law as it was all along. Notably, the 1995 amendment did not include a retroactive effective date. I.C. § 5-245 (1995).

The 2011 Amendment did not merely clarify Idaho Code section 63-3613 as it existed all along; rather, it changed the law. This Court has held that when the Legislature amends a statute, it must be presumed that the Legislature intended the statute to have a different meaning from the pre-amendment version. *Intermountain Health Care, Inc. v. Bd. of Cnty. Comm'rs of Madison Cty.*, 109 Idaho 685, 687, 710 P.2d 595, 597 (1985). Moreover, the inclusion of a retroactive effective date indicates that the Legislature intended the 2011 Amendment to take effect from that date forward. This Court has held that statutory amendments are not retroactive unless expressly so declared. *A & B Irr. Dist. v. Idaho Dep't of Water Res.* 153 Idaho 500, 508, 284 P.3d 225, 233 (2012). It stands to reason that a statute with a retroactive effective date cannot be applied to events prior thereto. Further, interpreting the 2011 Amendment to have effect to dates predating the retroactive effective date, *i.e.*, the Audit Period, would conflict with this Court's instruction to construe tax exemptions narrowly. *Jayo Dev., Inc. v. Ada Cnty. Bd. of Equalization*, 158 Idaho at 151, 345 P.3d at 210.

Chandlers' assertion that the 2011 Amendment was aimed at correcting the inconsistency created by the Pre-2011 Rule is unpersuasive. Chandlers cites to House and Senate committee minutes for support; however, these minutes actually undercut Chandlers' argument. The

minutes indicate that the purpose of the 2011 Amendment was to clarify and make consistent that the <u>sales price</u> should not include the gratuity for serving meals. As previously discussed, sales price is defined by Idaho Code section 63-3613, together with the incorporation of Idaho Code section 63-3612(2)(b). Thus, Idaho Code sections 63-3613, and -3612(2)(b), not the Pre-2011 Rule, were the target of the 2011 Amendment.

Chandlers' assertion that the 2011 Amendment clarified what the Legislature meant in enacting Idaho Code section 63-3613 all along is similarly unpersuasive. Chandlers' reference to Sutherland on Statutory Construction is not helpful to its position. Sutherland on Statutory Construction provides that a statutory amendment that clarifies a prior statute must be accepted as a declaration of the meaning of the original statute only "where the amendment was adopted soon after the controversy arose concerning the proper interpretation of the statute." 1A *Sutherland Statutory Construction* § 22:31 (7th ed.). Because the alleged "clarificatory" 2011 Amendment was adopted nearly twenty years after the issuance of the Pre-2011 Rule and not "soon after the controversy arose concerning the proper interpretation of the statute," the 2011 Amendment did not clarify the Tax Act as it existed all along, but rather changed the Tax Act.

Lastly, Chandlers' reliance on *Stonecipher* is misplaced. Chandlers cites *Stonecipher* for the proposition that a legislative clarification merely further describes a statute as such already existed at the time of its enactment notwithstanding a stated effective date that is later than the events in question. *Stonecipher* can be distinguished from this case because the amendment at issue in *Stonecipher* was truly a clarification. The *Stonecipher* amendment did not change the original purpose of the statute because, both before and after the amendment, the purpose was to allow the mother to collect child support payments. 131 Idaho at 735, 963 P.2d at 1172. Conversely, the 2011 Amendment changed the purpose of the Tax Act in part. Prior to the 2011 Amendment, the purpose of the Tax Act, in part, was to tax "services agreed to be rendered as part of the sale" and charges associated with "[f]urnishing, preparing, or serving food, meals or drinks." I.C. §§ 63-3613(a); -3612(2)(b). To that end, the Pre-2011 Rule taxed mandatory gratuities as service charges. The 2011 Amendment changed the purpose of the Tax Act by rendering a large swath of service charges, including mandatory gratuities, tax-exempt. Further, the 2011 Amendment included a clear retroactive effective date, which signaled that the law had been changed and that such change would take effect from the retroactive effective date, January 1, 2011, forward. *See Jayo Dev., Inc. v. Ada Cnty. Bd. of Equalization*, 158 Idaho 148, 154, 345

12

P.3d 207, 213 (2015). For the foregoing reasons, the district court did not err in rejecting Chandlers' argument that the 2011 Amendment clarified the Tax Act as it existed all along.

**C.     The Commission is entitled to costs and attorney's fees on appeal.**

As a preliminary matter, the Commission requests costs and attorney's fees at the district court level pursuant to Idaho Rule of Civil Procedure 54(e). Separately, the Commission requests costs and attorney's fees on appeal pursuant to Idaho Appellate Rules 35, 40, and 41, as well as Idaho Code section 12-117(1) and (2), Idaho Code section 12-121, and Idaho Code section 63-3049(d). The Commission asserts that Chandlers' arguments are inconsistent with the interpretation and application of the law in place during the Audit Period.

Chandlers argues that the Commission waived its right to costs and attorney's fees at the district court level by failing to timely and properly request fees and costs below. Further, Chandlers asserts that the Commission did not file a memorandum of costs within fourteen days of the district court's judgment as required by Idaho Rule of Civil Procedure 54(d)(4), which provides that "[f]ailure to timely file a memorandum of costs is a waiver of the right to costs."

Chandlers argues that the Commission's request for costs and attorney's fees on appeal under Idaho Code sections 12-117 and 12-121 must be denied because this Court has held that where the Legislature includes a specific standard for attorney's fees in a particular statute, that statute provides the exclusive basis for fees.

Regarding the Commission's request pursuant to Idaho Code section 63-3049(d), Chandlers argues that its position was not frivolous or groundless because: (1) the statutory language at issue here is different from the statutory language in *Jayo Development Inc.*; (2) the case law relating to the Legislature's power to clarify a statute "does not appear to have been applied in this precise context"; and (3) its arguments result from differing interpretations of the statutory language and the interpretative weight of the 2011 Amendment. In sum, Chandlers argues that costs and attorney's fees on appeal are not warranted under these circumstances.

"[W]here two statutes appear to apply to the same case or subject matter, the specific statute will control over the more general statute." *State v. Barnes*, 133 Idaho 378, 382, 987 P.2d 290, 294 (1999) (citing *V-1 Oil Co. v. Idaho Transp. Dep't*, 131 Idaho 482, 483, 959 P.2d 463, 464 (1998)).

Idaho Code section 63-3049(d) provides as follows:

Whenever it appears to the court that:

(1) Proceedings before it have been instituted or maintained by a party primarily for delay; or

(2) A party's position in such proceeding is frivolous or groundless; or

(3) A party unreasonably failed to pursue available administrative remedies;

the court, in its discretion, may require the party which did not prevail to pay to the prevailing party costs, expenses and attorney's fees.

I.C. § 63-3049(d).

The Commission's request for attorney's fees below need not be addressed by this Court because the argument is merely mentioned in passing and not supported by cogent argument. *See Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (citing *Inama v. Boise Cnty. Bd. of Comm'rs*, 138 Idaho 324, 330, 63 P.3d 450, 456 (2003)).

The Commission is entitled to attorney's fees on appeal because Chandlers' arguments are groundless. Chandlers' arguments rest on an untenable reading of Idaho Code sections 63-3613(b)(4) and (b)(6), attack the district court's dicta, and ignore the 2011 Amendment's unambiguous retroactive effective date. Further, Chandlers asserts that this case is similar to *Stonecipher v. Stonecipher*, 131 Idaho 731, 963 P.2d 1168 (1998), but ignores the clear distinguishing factors.

## VI. CONCLUSION

For the foregoing reasons, we affirm the district court's judgment. Costs and attorney's fees on appeal are awarded to the Commission.

Chief Justice BURDICK and Justice BRODY CONCUR.

HORTON, J., specially concurring.

I join in the result reached by the Court. Although I do not disagree with the Court's analysis, I get to the same destination by a shorter route. The central issue presented by this appeal is the validity of the pre-2012 version of the Tax Commission's rule regarding gratuities, specifically IDAPA 35.01.02.043.04(c). The rule was effective from 1989 until the Tax Commission amended it in response to the 2011 amendment of Idaho Code section 63-3613—a time frame that covers the entirety of the Audit Period.

In 1996, the Idaho Legislature enacted Idaho Code section 63-105, which provides in pertinent part:

14

63-105. Powers and duties — General. In addition to all other powers and duties vested in it, the state tax commission shall have the power and duty:

. . .

(2) To make, adopt and publish such rules as it may deem necessary and desirable to carry out the powers and duties imposed upon it by law, provided however, that *all rules adopted by the state tax commission prior to the effective date of this 1996 amendatory act shall remain in full force and effect until such time as they may be rescinded or revised by the commission.*

1996 **Idaho** Sess. L. ch. 98, § 2, pp. 311–12 (emphasis added). Idaho Code section 63-105 took effect on January 1, 1997, prior to the Audit Period in question. *Id.*, § 21, p. 401.

The Commission argues that the statute constituted legislative "approval" of the Commission's rules. This careful phraseology is no doubt intended to recognize the distinction between the Executive's rulemaking powers and the Legislature's authority to approve or reject an administrative rule. This Court first explicitly recognized this legislative authority in *Mead v. Arnell*, 117 Idaho 660, 791 P.2d 410 (1990), and the people of this State enshrined this power in our Constitution in 2016 with their approval of Article III, § 29.

I think that the Commission's distinction is too fine. Although the rule went through the legislative review process now addressed by Idaho Code section 67-5291, Idaho Code section 63-105(2) was not enacted by way of a concurrent resolution; rather, Idaho Code section 63-105(2) was the product of the Legislature passing HB 783 and the Governor approving that bill by his signature. In short, the declaration that the then-existing Commission rules, including IDAPA 35.01.02.043.04(c), were "in full force and effect" was a matter of duly-enacted legislation.

Significantly, at least to me, Chandlers' briefing simply ignores the Commission's arguments based upon Idaho Code section 63-105(2). In light of Chandlers' otherwise-thorough briefing, I do not think that Chandlers' silence is the product of oversight; rather, I believe it represents an implicit recognition that IDAPA 35.01.02.043.04(c), as it existed during the relevant time, was valid and effective by operation of statute.

Justice EISMANN CONCURS.