**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 52584**

| | |
|---|---|
| WAFD, INC., (formerly known as WASHINGTON FEDERAL, INC.), ) ) ) | |
| Plaintiff-Respondent, ) ) | **Boise, February 2026 Term** |
| v. ) ) | **Opinion filed: April 23, 2026** |
| IDAHO STATE TAX COMMISSION, ) ) | **Melanie Gagnepain, Clerk** |
| Defendant-Appellant. ) ) ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Lynn G. Norton, District Judge.

The judgment of the district court is <u>affirmed</u>.

Raúl R. Labrador, Idaho Attorney General, Boise, for Appellant. Eric Mahler argued.

Hawley Troxell Ennis & Hawley LLP, for Respondent. Richard G. Smith argued.

_____

MOELLER, Justice.

In 2021, the Idaho Legislature passed an amendment to Idaho Code section 63-3025, lowering the corporate tax rate. The amended statute stated that the new reduced rate was applicable to all "taxable years commencing on and after January 1, 2001." The bill also contained an emergency clause, which set the effective date of the new rate as January 1, 2021.

Based on the new law, WAFD, Inc., formerly known as Washington Federal, Inc. ("WAFD"), was faced with uncertainty when filing its 2021 income tax return. WAFD's fiscal year—October 1, 2020, to September 30, 2021—straddled the effective date for the reduced rate: January 1, 2021. WAFD ultimately filed its 2021 tax return, claiming a refund using a blended tax rate that prorated the two different rates over the corresponding months of its fiscal year. The Revenue Operations Division ("Division") of the Idaho State Tax Commission ("Tax

1

Commission" or "Commission") rejected WAFD's calculation of the refund, asserting that blended rates were not allowed under Idaho law and applied the higher rate to the entire fiscal year.

WAFD filed a Written Petition for Redetermination with the Tax Commission, which upheld the Division's determination. WAFD subsequently filed a complaint seeking relief in Ada County district court. The district court granted summary judgment in favor of WAFD and applied the lower tax rate to its entire fiscal year because Idaho Code section 63-3025, as amended, expressly stated that the lower tax rate applied to all "taxable years commencing on and after January 1, 2001." The Tax Commission appealed to the Idaho Supreme Court. For the reasons set forth below, we affirm the district court's decision.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

WAFD is a Washington corporation that operates as a holding company for multiple corporate entities. It files a combined corporate tax return in Idaho each year and utilizes a fiscal year for financial reporting and filing corporate income taxes, which commences on October 1 and ends on September 30.

Idaho's corporate tax rate is set forth in Idaho Code section 63-3025. The Idaho Legislature amended section 63-3025(1) in 2021, reducing the corporate income tax rate from 6.925% to 6.5% "[f]or all taxable years commencing on and after January 1, 2001." Pursuant to an emergency clause, the amendment became effective as of January 1, 2021. Act of May 10, 2021, ch. 342, §§ 3, 5, 2021 Idaho Sess. Laws 1039, 1042. Since then, the legislature has twice amended section 63-3025(1), in 2022 and 2025, further reducing the corporate tax rate. Act of Feb. 4, 2022, ch. 1, § 3, 2022 Idaho Sess. Laws 3, 5; Act of Apr. 4, 2025, ch. 302, § 2, 2025 Idaho Sess. Laws 1279, 1281–82.

On July 14, 2022, WAFD filed its corporate income tax return for its fiscal year beginning on October 1, 2020, and ending on September 31, 2021 ("2021 fiscal year"). The 2021 amendment caused some confusion for WAFD since the effective date of the new rate fell in the middle of its fiscal year. When calculating its income tax for the 2021 fiscal year, WAFD ultimately opted to apply a "blended rate" of 6.607%. It calculated this blended rate by prorating the prior tax rate of 6.925% for the 92 days in calendar year 2020 and the amended tax rate of 6.5% for the 273 days in calendar year 2021 as follows:

(6.925% x 92 days/365 days) + (6.5% x 273 days/365 days) = 6.607%.

Applying the prorated 6.607% tax rate to its net business income, WAFD calculated its income tax at $1,456,720 and claimed a refund of $593,271 for its 2021 taxes.

On June 21, 2023, the Division sent WAFD a Notice of Refund Determination, which stated:

> We've made the following change to your refund according to Idaho Code section 63-3045. We've included the reasons and computations for the determination in this letter. We'll issue any refund separately.

| Refund Claimed | Refund Allowed | Protestable Change |
|---|---|---|
| $593,271.00 | $523,187.00 | $70,084.00 |

The notice explained that the adjustment to the refund resulted from WAFD's error in computing its income tax liability. The Division increased WAFD's income tax from $1,456,720 to $1,526,803, which is 6.925% of WAFD's taxable income for the 2021 fiscal year. In other words, the Division determined that the higher 6.925% tax rate would be applied to the *entire* fiscal year, not just the last 92 days of calendar year 2020.

On August 4, 2023, WAFD filed a "Written Petition for Re-Determination," asserting that the blended rate was the correct calculation for its 2021 fiscal year tax return. The Tax Commission held a hearing on the petition and then entered a final decision on December 13, 2023. It concluded that "[n]o section of the Idaho Code allows a taxpayer to prorate its tax rate for any taxable year," and determined that the 6.925% rate was applicable to WAFD's entire 2021 fiscal year.

On February 2, 2024, WAFD filed a complaint for relief against the Tax Commission, seeking to set aside the reduction of its refund and requesting that it receive the full refund to which it was entitled. On August 23, 2024, WAFD and the Tax Commission filed cross-motions for summary judgment. A hearing was held on October 22, 2024, and on December 20, 2024, the district court granted WAFD's motion for summary judgment and denied the Tax Commission's motion for summary judgment. The district court concluded that the 6.5% rate applied to the *entire* 2021 fiscal year because of the plain language of the statute:

> In reading these sections together, for taxable years commencing on and after January 1, 2001, the Idaho taxable income of a corporation is 6.5% and, because the legislature declared there was an emergency, the 6.5% applied retroactively to January 1, 2021. The Court finds the taxable year at issue for WAFD commenced on October 1, 2020 which was on or after January 1, 2001 as defined in the statute. The 2021 amendment did not include language to limit the applicability to those taxable years commencing on or after January 1, 2021. So, this [c]ourt finds the plain language of the statute provides that the taxable rate for the 2021 fiscal year for WAFD, that commenced October 30, 2020, was 6.5%.

The Tax Commission timely appealed.

## II.     STANDARDS OF REVIEW

Under Idaho Code section 63-3049, a taxpayer may seek review of the Tax Commission's decision on redetermination by filing a complaint in district court. *Chandler's-Boise LLC v. Idaho State Tax Comm'n*, 162 Idaho 447, 451, 398 P.3d 180, 184 (2017). "This Court reviews the district court's decision directly, and utilizes the Tax Commission's administrative determination as merely an articulation of the position of the Tax Commission as a party to the action."

In reviewing an order granting summary judgment, this Court applies the same standard of review as the district court applied when considering the motion for summary judgment. *Idaho State Tax Comm'n v. James*, 169 Idaho 884, 887, 505 P.3d 670, 673 (2022). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Summerfield v. St. Luke's McCall, Ltd.*, 169 Idaho 221, 228, 494 P.3d 769, 776 (2021) (quoting I.R.C.P. 56(a)). "Statutory interpretation is a question of law that receives de novo review from this Court." *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020).

## III.     ANALYSIS

Idaho Code section 63-3025 establishes Idaho's corporate income tax rates. When the legislature amended the statute in 2021, the only change was to lower the tax rate from 6.925% to 6.50%:

> For taxable years commencing on and after January 1, 2001, a tax is hereby imposed on the Idaho taxable income of a corporation, other than an S corporation, which transacts or is authorized to transact business in this state or which has income attributable to this state. The tax shall be equal to six and ~~nine hundred twenty-five thousandths~~ <u>five-tenths</u> percent (6.~~925~~5%) of Idaho taxable income.

H.B. 380, 66th Leg., 1st Reg. Sess., 2021 Idaho Sess. Laws 1039, 1042 ("House Bill 380") (strikethrough and underlining in original). House Bill 380 contained an emergency clause, stating that the amendment would be "in full force and effect on and after passage and approval, and retroactively to January 1, 2021." *Id.* This dispute arises from a mismatch between the dates specified in the statute for when the new tax rate would apply ("on and after January 1, 2001"), and the date upon which the statute would take effect ("January 1, 2021"). The parties disagree as to which tax years the reduced tax rate applies.

4

First, to provide context, it is helpful to briefly review the statutory history of Idaho Code section 63-3025. The version of this statute in effect today was initially enacted in 1982 and set out various corporate tax rates determined by taxable income "[f]or taxable years commencing on and after January 1, 1983[.]" Act of Mar. 29, 1982, ch. 203, § 7, 1982 Idaho Sess. Laws 533, 536. It was made effective on January 1, 1983. *Id.* § 10, 1982 Idaho Sess. Laws at 537. In 2001, the statute was amended to establish a uniform corporate tax rate of 7.6% "[f]or taxable years commencing on and after January 1, 2001," matching the legislation's effective date of January 1, 2001. I.C. § 63-3025 (Supp. 2001); *see* Act of Apr. 11, 2001, ch. 386, §§ 3, 17, 2001 Idaho Sess. Laws 1348, 1352, 1365. The corporate tax rate did not change again for more than a decade.

Subsequent amendments in 2012, 2018, and 2021 incrementally reduced the corporate tax rate. Act of Apr. 5, 2012, ch. 321, §§ 2–3, 2012 Idaho Sess. Laws 879–80; Act of Mar. 12, 2018, ch. 46, §§ 5, 8, 2018 Idaho Sess. Laws 111, 116, 118; Act of May 10, 2021, §§ 3, 5, 2021 Idaho Sess. Laws at 1042. Importantly, each time the legislature changed the tax rate, it did not modify the statute's internal reference date of January 1, 2001. By way of example, in 2018, it amended section 63-3025(1) to read:

> For taxable years commencing on and after January 1, 2001, a tax is hereby imposed on the Idaho taxable income of a corporation, other than an S corporation, which transacts or is authorized to transact business in this state or which has income attributable to this state. The tax shall be equal to ~~seven~~ six and ~~four tenths~~ nine hundred twenty-five thousandths percent (~~7.4~~6.925%) of Idaho taxable income.

Act of Mar. 12, 2018, § 5, 2018 Idaho Sess. Laws at 116 (strikethrough and underlining in original). The legislature declared an emergency existed and approved the enactment of this amendment retroactively effective to January 1, 2018. *Id.* § 8, 2018 Idaho Sess. Laws at 118. Even though the statute itself provided that the new tax rate applied to taxable years commencing on and after January 1, 2001, the Tax Commission's tax forms designated the effective date of the legislative change as when the new rate began—i.e., January 1, 2018.

The difference between the internal reference date in the statute itself and the effective date of the legislation enacting the amendment is central to the parties' dispute on appeal. With that background in mind, we turn to the statute's plain language.

**A. The district court did not err in concluding that Idaho Code section 63-3025[1] unambiguously imposed a 6.5% corporate tax rate for all taxable years commencing on and after January 1, 2001.**

The applicable principles of statutory construction in Idaho are well established and summarized as follows:

> As we have often stated, statutory interpretation begins by examining "the literal language of the statute." *Smith v. Excel Fabrication, LLC*, 172 Idaho 725, 731, 535 P.3d 1098, 1104 (2023) (quoting *Est. of Stahl v. Idaho State Tax Comm'n*, 162 Idaho 558, 562, 401 P.3d 136, 140 (2017)). At the same time, it is essential to read the provisions of the statute in their entirety, not in isolation. *See id.* In other words, "[t]he statute should be considered as a whole, and words should be given their plain, usual, and ordinary meanings." *Id.* (quoting *Est. of Stahl*, 162 Idaho at 562, 401 P.3d at 140). In this approach, "the Court must give effect to all the words and provisions [within] the statute" to ensure that none are "void, superfluous, or redundant." *Id.* (quoting *Est. of Stahl*, 162 Idaho at 562, 401 P.3d at 140).

*Latah County v. Idaho State Tax Comm'n*, ___ Idaho ___, ___, 571 P.3d 962, 967 (2025) (alterations in original). Only when a statute is ambiguous should this Court consider extrinsic evidence and turn to statutory interpretive tools. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (citation omitted).

The parties suggest that there are three possible interpretations of Idaho Code section 63-3025(1). The Tax Commission asserts that the 6.5% corporate tax rate created by the 2021 amendment only applied to tax years commencing on and after January 1, 2021, the effective date set forth in the legislation's emergency clause. Thus, under the Commission's interpretation, because WAFD's fiscal year began in October 2020, the 6.925% rate that was in effect prior to January 1, 2021, applies to its entire 2021 fiscal year.

Conversely, WAFD primarily argues that the 6.5% corporate tax rate enacted in 2021 applied to *any* tax year "commencing on and after January 1, 2001," as specifically set forth in the statute. This was the interpretation adopted by the district court. Therefore, even though WAFD's 2021 fiscal year began in October 2020, the 6.5% rate still must apply to its entire 2021 fiscal year.

In the alternative, WAFD argues that Idaho law allows for a proration of the tax rates, or "rate blending" as the Tax Commission calls it, meaning that the 6.925% rate could be applied to taxable income earned between October 1, 2020, and December 31, 2020, and the 6.5% rate could be applied to taxable income earned between January 1, 2021, and September 31, 2021. As we will

---

[1] This decision concerns the 2021 version of Idaho Code section 63-3025. Unless otherwise indicated, all references to the statute are to the 2021 version.

6

discuss below, it is unnecessary for us to weigh each of the three alternative interpretations of section 63-3025 because the plain language of the statute only supports one interpretation.

Looking at the text of Idaho Code section 63-3025(1), it unequivocally imposes a tax rate that applies "for taxable years commencing on and after January 1, 2001." I.C. § 63-3025(1). "Commencing" is defined as "to have or make a beginning" or "start." *Commencing*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/commencing (last visited Apr. 22, 2026). As the district court properly concluded, there is only one possible interpretation to the language in the statute: the 6.5% rate applied to *any* tax year *starting* on or after January 1, 2001. Thus, because WAFD's 2021 fiscal year started after January 1, 2001, the applicable rate for the entire fiscal year is 6.5%.

The Tax Commission's primary argument—that the statute is ambiguous merely because the parties have presented three possible interpretations—is unpersuasive. Instead, the proper inquiry is whether "reasonable minds might differ or be uncertain as to its meaning"; a statute is not ambiguous "merely because the parties present differing interpretations to the court." *City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho 579, 582, 416 P.3d 951, 954 (2018) (citations omitted). Further, when determining whether the statute is ambiguous, we look to the "literal words of the statute." *See Elsaesser v. Black Diamond Compost, LLC*, 170 Idaho 511, 515, 513 P.3d 447, 451 (2022) (citation omitted). Thus, examination of the emergency clause in the enacting legislation, and any confusion it might create, is improper in the initial inquiry of determining whether the statute itself is ambiguous.

Nevertheless, even considering the emergency clause together with the statutory text, the plain meaning of the statute is still unambiguous. *See* Act of May 10, 2021, §§ 3, 5, 2021 Idaho Sess. Laws at 1042. Each provision is clear on its face and performs a distinct function. An "effective date" is defined as "[t]he date on which a statute, contract, insurance policy, or other such instrument becomes enforceable or otherwise takes effect." *Effective date*, Black's Law Dictionary (11th ed. 2019). The phrase "force and effect" means "[l]egal efficacy," which is defined as "[t]he quality of having significance or force under law to produce certain effects." *See Force and effect*, Black's Law Dictionary (11th ed. 2019); *efficacy*, Black's Law Dictionary (11th ed. 2019). In sum, the effective date merely specifies when the amended statute itself became legally operative. Nothing in the text of the emergency clause purports to limit the statute's

7

application to tax years commencing on and after the effective date, nor does the effective date provision purport to redefine the tax years to which the rate replies.

Importantly, the legislature knows how to change the reference date of a tax statute when it intends to do so. For example, when section 63-3025 was amended in 2001, it changed the reference date ("January 1, 2001") to match the effective date ("January 1, 2001"). *See* Act of Apr. 11, 2001, §§ 3, 17, 2001 Idaho Sess. Laws at 1352, 1365. In 2021, the legislature could have done likewise by amending the language to state "for taxable years commencing on or after January 1, 2021," but it declined to do so. While the Tax Commission suggests that this must have been inadvertent, it is far from unprecedented. In fact, the legislature repeatedly did the same thing when it amended section 63-3025 to lower the corporate tax rate in 2012 and 2018, leaving the effective date as "January 1, 2001" in both instances. *See* Act of Apr. 5, 2012, § 2, 2012 Idaho Sess. Laws at 880; Act of Mar. 12, 2018, § 5, 2018 Idaho Sess. Laws at 116. Read together, the provisions in the 2021 version of section 63-3025 operate harmoniously: beginning January 1, 2021, the statute applies to tax years commencing on or after January 1, 2001.

As interpreters of the law, we begin our analysis by assuming the legislature meant every word it said. This Court has consistently recognized that it "must give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant." *Nelson v. Evans*, 166 Idaho 815, 820, 464 P.3d 301, 306 (2020) (quoting *State v. Dunlap*, 155 Idaho 345, 361-62, 313 P.3d 1, 17-18 (2013)). Applying this principle, our interpretation must give meaning to both dates chosen by the legislature. Thus, based on the plain language of section 63-3025(1), the 2001 date establishes the scope of covered tax years, while the 2021 effective date establishes when the statute may be enforced. By contrast, construing the statute to only apply to tax years commencing on or after January 1, 2021, would render the 2001 internal reference date in the text superfluous. *See id.*

The Tax Commission repeatedly maintains that this interpretation "cannot be what the [l]egislature meant when it amended the statute in 2021." However, it is not this Court's role to rewrite an unambiguous statute, even if its literal interpretation seems "absurd." *Verska*, 151 Idaho at 895, 265 P.3d at 508. This Court explained in *Verska*:

> If this Court were to conclude that an unambiguous statute was palpably absurd, how could we construe it to mean something that it did not say? Doing so would simply constitute revising the statute, but we do not have the authority to do that. The legislative power is vested in the senate and house of representatives, Idaho

Const. art. III, § 1, not in this Court. As we said in *Berry v. Koehler*, 84 Idaho 170, 177, 369 P.2d 1010, 1013 (1962), "The wisdom, justice, policy, or expediency of a statute are questions for the legislature alone."

*Id.*; *see also Nelson*, 166 Idaho at 820, 464 P.3d at 306 ("[T]he courts 'are not free to rewrite a statute under the guise of statutory construction.' " (quoting *State v. Doe* (*In re Doe*), 147 Idaho 326, 329, 208 P.3d 730, 733 (2009))). Although the Tax Commission contends it would be illogical for the legislature in 2021 to reduce the corporate tax rate for any tax years commencing after 2001, this Court must "assume that the legislature meant what it said."[2] *Verska*, 151 Idaho at 894–95, 265 P.3d at 507–08 (citation omitted). Therefore, we conclude that the district court correctly found that the text of section 63-3025(1) is clear and internally consistent; thus, this Court's inquiry must end with the statutory language itself.

## B. The subsequent 2022 and 2025 amendments of Idaho Code section 63-3025 were not curative acts; therefore, they do not control our interpretation of the language in the 2021 statute.

Much of the Tax Commission's argument on appeal invites this Court to look to extrinsic sources. Having concluded that Idaho Code section 63-3025 is unambiguous, we need not reach many of those arguments. However, the statute in question has been amended twice since 2021, and the Tax Commission suggests that those amendments were attempts to clarify the ambiguities it believes existed in the 2021 amendment. Inasmuch as a retroactive amendment could have bearing on the outcome of this case, we will briefly turn to the Commission's suggestion that we should rely on the subsequent amendments to the statute for guidance because they are "curative acts."

A curative act, or statute, "corrects an error in a statute's original enactment, usu[ally] an error that interferes with interpreting or applying the statute." *Curative statute*, Black's Law Dictionary (11th ed. 2019). It is "by its nature remedial and retroactive in its application." *Butler v. City of Blackfoot*, 98 Idaho 854, 859, 574 P.2d 542, 547 (1978), *superseded by statute,* I.C. §§ 50-1701 to 50-1727 (Supp. 1976), *on other grounds as recognized in, Simmons v. City of Moscow*, 111 Idaho 14, 720 P.2d 197 (1986). However, curative acts are prohibited from imposing new liabilities "in respect to transactions or considerations already past." Idaho Const. art. XI, § 12.

---

[2] Even if we were inclined to address the alleged absurdity of this result, it would be difficult to conclude that a legislative act was unintentional when the legislature repeated it at least three times—in 2012, 2018, and 2021.

9

The Tax Commission contends that the legislature passed House Bill 436 (2022) and House Bill 479 (2025) as curative acts to clarify the intent of its 2021 amendment. In passing House Bill 436 (2022), the legislature made the following changes to remove the 2001 reference date in section 63-3025: "For each taxable years commencing on and after January 1, 2001, a tax is hereby imposed on the Idaho taxable income of a corporation . . . . The tax shall be equal to six and five-tenths percent (6.5%) of Idaho taxable income." *See* H.B. 436, 66th Leg., 2d Reg. Sess., 2022 Idaho Sess. Laws 3, 2022 Idaho Sess. Laws 3, 5 (strikethrough and underline in original). House Bill 479 (2025) enacted the current version of section 63-3025. *See* H.B. 479, 68th Leg., 1st Reg. Sess., 2025 Idaho Sess. Laws 1279. The statute now contains distinct subsections for each tax rate, with corresponding applicability dates. For example, section 63-3025(1)(d) now reads: "For each taxable year, commencing on and after January 1, 2021, the tax imposed by this section is changed and shall be equal to six and five-tenths percent (6.5%) of Idaho taxable income." I.C. § 63-3025(1)(d) (2025). There are currently eight subsections, each reflecting the amendments in 2001, 2012, 2018, 2021, 2022, and 2025 and the tax years to which those amendments apply. *See* I.C. § 63-3025(1)(a)–(h) (2025).

We have previously declined a similar request to construe an amendment as curative in a case involving the Tax Commission. In *Chandler's-Boise LLC v. Idaho State Tax Commission*, Chandler's challenged the Tax Commission's notice of deficiency determination for its failure to pay sales tax on automatically added gratuities during a period from 2007 to 2010. 162 Idaho 447, 450, 398 P.3d 180, 183 (2017). A Tax Commission rule applicable during the audited period provided that automatically added gratuities were subject to sales tax unless the bill included a written statement that the customer could decline to pay the gratuity. *Id.* at 449–50, 398 P.3d at 182–83. The Tax Commission conducted a sales audit of Chandler's and determined that it failed to pay sales tax on automatic gratuities added to banquet meals, room service meals, and for dining groups of six people or more, and that these bills did not include the required written statement. *Id.* at 450, 398 P.3d at 183. In 2011, the legislature amended the Idaho Sales Tax Act, Idaho Code sections 63-3601 through 63-3642, to add a sales tax exemption for any gratuity, whether voluntary or mandatory. *Id*. The amendment became effective on January 1, 2011. *See id.* at 456, 398 P.3d at 189. On appeal, Chandler's asserted that the amendment clarified the meaning of the statute to conform the law to how "it existed all along" and, thus, should be applied to events before the

10

amendment's retroactive date, including the audit period between 2007 and 2010. *Id.* at 453, 398 P.3d at 186.

This Court rejected Chandler's argument. *Id.* at 455, 398 P.3d at 188. First, we reasoned that "when the [l]egislature amends a statute, it must be presumed that the [l]egislature intended the statute to have a different meaning from the pre-amendment version." *Id.* (citing *Intermountain Health Care, Inc. v. Bd. of Cnty. Comm'rs of Madison Cnty.*, 109 Idaho 685, 687, 710 P.2d 595, 597 (1985)). Thus, this Court held that the 2011 amendment to the statute did not merely *clarify* the law—it *changed* the law. *Id.* at 456, 398 P.3d at 189. The Court also pointed to the retroactive effective date of January 1, 2011, reasoning that, since retroactive statutes must be expressly declared as such, a retroactive date indicates the legislature's intention that it be effective starting on that date and thereafter. *Id.* at 455, 398 P.3d at 188 (citing *A & B Irrigation Dist. v. Idaho Dep't of Water Res.*, 153 Idaho 500, 508, 284 P.3d 225, 233 (2012)). Therefore, this Court declined to interpret the statute to include a retroactive application prior to the effective date set forth in the statute. *Id.* (stating "[i]t stands to reason that a statute with a retroactive effective date cannot be applied to events prior thereto").

Here, had the legislature intended the recent amendments to section 63-3025(1) to operate as curative acts, we would expect to see explicit language providing for retroactive application back to January 1, 2021, or earlier. Yet the 2022 amendment to the corporate tax rate only had a retroactive effective date of January 1, 2022, and the 2025 amendment only had a retroactive date of January 1, 2025. Therefore, we cannot presume that the legislature intended either amendment to retroactively "cure" the statute's meaning for periods predating those specified retroactive dates.

## IV. CONCLUSION

For the reasons set forth above, we affirm the district court's order granting WAFD's motion for summary judgment and denying the Tax Commission's motion for summary judgment. We also affirm its conclusion that WAFD is entitled to a tax refund based on the application of a 6.5% corporate tax rate for its entire 2021 fiscal year. As the prevailing party, costs on appeal are awarded to WAFD as a matter of course pursuant to Idaho Appellate Rule 40(a).

Chief Justice BEVAN, Justices BRODY, ZAHN, and MEYER CONCUR.